## LONG *v*. THE STATE.

CRIMINAL LAW.—*Returning Indictment.*—*Nunc Pro Tunc Entry.*—Where an indictment, duly returned into court by a proper grand jury, has there remained without being filed, and without any record of such return, it is the duty of such court, upon being informed of such facts, to direct the making of a proper *nunc pro tunc* entry, showing the returning and filing of such indictment.

SAME.—*Abatement.*—*Reply.*—To a plea by the defendant, in abatement of an indictment, alleging the failure of the clerk of the court to endorse upon such indictment the time of its filing, and to enter of record the return of the same into court by the grand jury, a reply that such omissions have been cured by a *nunc pro tunc* entry, made by the order of such court, is sufficient.

SAME.—*Practice.*—*New Trial.*—*Supreme Court.*—Where the evidence is not in the record, no question is presented to the Supreme Court, on appeal, by a motion for a new trial, based upon the grounds that the finding is contrary to law and to the evidence.

SAME.—*Indictment.*—*Venue.*—Where the venue of an indictment is laid in a certain county in this State, and the offence charged is alleged to have been committed at "said county," naming it, such offence is sufficiently shown to have been committed in this State.

From the Morgan Circuit Court.

*G. W. Grubbs, M. H. Parks* and *J. H. Jordan,* for appellant.

HOWK, J.—At the September term, 1875, of the court below, the appellant was indicted, upon a charge of having

sold, unlawfully, one gill of intoxicating liquor, on a certain day, to a certain person, at a certain price, the appellant not then and there having license to sell such liquor, in a less quantity than a quart at a time.

To this indictment, the appellant filed a plea in abatement, in which he alleged, in substance, that the State of Indiana ought not to have and maintain said cause of action against him, for that said indictment, upon which the State proposed to put him upon trial, was never filed, or marked as filed, as of the date at which it was returned, nor of any date whatever, nor was any record made by the clerk of the court of said indictment, nor of the time of its return into court, nor was there any memorandum made either on said indictment, or upon any record of said court, of the time of the return of the same into court, nor was there any record ever made, to show that said indictment was ever returned into court by any grand jury of said county; wherefore he prayed judgment. This plea was duly verified by the appellant.

To this plea or answer in abatement, the appellee replied, in substance, that at the September term, 1875, of the court below, there was then and there a grand jury, duly and legally empanelled, sworn and charged, in manner and form prescribed by law; that said grand jury was in session from the 6th day to the 25th day of September, 1875; that, during said term, said grand jury made six returns of indictments into open court, giving the date of each return; that said grand jury made but these six returns, and adjourned on September 25th, 1875; that said indictments were, upon their said return into open court, passed to the judge for his inspection, and he did then and there inspect the same, endorsing the bail on each of them; that the judge then passed said indictments into the care and keeping of one Thomas B. Mitchell, then and there deputy-clerk of the court below; that said Mitchell then and there took charge of said indictments, placed rubber bands around each of the

six bunches of indictments, and then and there marked the top indictment, in each bunch, filed of the day and date when said bunch and number of indictments, so kept together, were returned, said marking and filing being then and there done upon each return of said grand jury, and immediately upon the return thereof; that on September 28th, 1875, said Mitchell issued bench warrants on each of said indictments, and placed said warrants in the hands of the sheriff of said Morgan county; that on the day of each return of said grand jury, said Mitchell made the following entry in Order Book S., on certain given pages thereof, to wit: "Now come the grand jury and return the following indictments, signed by their foreman as 'true bills,' viz.: * *," leaving just enough blank lines below each of said entries to insert the names of the parties to each indictment and the crime charged, one indictment thus occupying one line; that said indictments were kept by said Mitchell, locked in the safe, in the vault in the clerk's office; that on the —— day of ————, 1875, said Mitchell took said indictments out of said safe, placed the causes on the dockets of the court below, and issued proper process thereon to the sheriff of said county; that, during all said time, said indictments were in the care and custody of said deputy-clerk, Mitchell; that on November 26th, 1875, it was discovered that said indictments, except the top one of each bunch, were not marked as filed, and were not placed on said order book, in the blank spaces left for them; that thereupon, on motion of the prosecuting attorney, it was ordered by the court below, that a *nunc pro tunc* entry, that said indictments be placed upon said order book, and marked as filed of the day and date of their said return into court, now for then, in all things in manner and form prescribed by law, all of which were done accordingly; that said indictments were the same indictments returned by said grand jury; that the indictment in this case was returned by said grand

jury on the 25th day of September, 1875, and marked as filed and placed on said order book on November 26th, 1875, in manner and form aforesaid; and that what had been said of the other indictments applied alike to the indictment in this case.

To this reply, appellant demurred, upon the ground that it did not state facts sufficient to constitute a good reply to his plea in abatement; which demurrer was overruled, and to this decision appellant excepted. And upon the trial then had of the matters involved in said plea in abatement and the reply thereto, the court below found for the appellee. Upon written causes, appellant moved for a new trial on his plea in abatement; which motion was overruled, and appellant excepted.

And appellant, being ruled to answer over, then moved the court below to quash the indictment, which motion was overruled, and appellant excepted. Appellant then waived an arraignment, and, for plea to said indictment, said that he was not guilty. The issue thus joined was submitted for trial to the court below, without a jury, and the court found appellant guilty, and assessed his fine at the sum of twenty-five dollars. Appellant then moved the court below, on written causes filed, for a new trial, which motion was overruled, and appellant excepted. And appellant also moved the court below in arrest of judgment, which motion was overruled, and appellant excepted. And judgment was rendered by the court below upon its finding, from which judgment this appeal is now here prosecuted.

In this court, the appellant has assigned the following alleged errors of the court below, to wit:

1st. In sustaining the appellee's motion for a *nunc pro tunc* entry, to show the return of the indictment;

2d. In overruling appellant's demurrer to appellee's reply;

3d. In overruling appellant's motion for a new trial on his plea in abatement;

4th. In overruling appellant's motion to quash the indictment;

5th. In overruling appellant's motion for a new trial; and,

6th. In overruling appellant's motion in arrest of judgment.

We will consider and decide the questions presented by these several alleged errors, in their enumerated order.

1st. It appears from the record of this cause, that before the appellant had been required to plead to the indictment, the appellee moved the court below "for a *nunc pro tunc* entry herein, showing the time of filing and returning the indictment herein into court," which motion was sustained by the court, and to this decision appellant excepted. We fail to see any thing erroneous in this decision of the court below. If, in fact, the indictment in this cause had been duly returned into the court below by a proper grand jury, and the clerk of the court had failed to make the proper entry of such return, and if, in fact, the indictment had, since its return, been on file in the court, but the clerk had failed to mark it as filed, whenever these facts were brought to the knowledge of the court below, in our opinion, the court not only had the right and power, but it was clearly the duty of the court, in the administration of justice, to direct the making of a proper *nunc pro tunc* entry, to show the return and filing of the indictment, according to the facts of the case, as they previously existed. There was nothing in this action or decision of the court below, of which the appellant can justly complain.

2d. Appellant's plea in abatement, as it is termed, was nominally a plea to the indictment against him, but, in fact, it set up only the omissions of the clerk of the court below to make the proper entry on the order book of the return of the indictment by the grand jury, and to endorse on said indictment the time of its filing. It did not controvert, in any manner, the proper return of

the indictment into the court below by a lawful grand jury, nor did it allege, that the indictment, after its return, had not been on file in the proper place and with the proper officer. Appellee's reply to this plea in abatement set up, in substance, that the clerical omissions, stated in the plea, had been cured and supplied by said *nunc pro tunc* entry of the court below. As we hold that the making of said *nunc pro tunc* entry was a proper exercise, by the court below, of its power, it follows therefrom, that, in our opinion, the matters stated in said reply constituted a good reply to appellant's plea in abatement.

3d. Appellant moved the court below for a new trial on his plea in abatement, assigning as causes therefor, that the finding of the court was contrary to law and to the evidence. The evidence on this trial is not in the record, and therefore no question is presented for our consideration by the third alleged error.

4th. Appellant's motion to quash the indictment was properly overruled. In his brief of this cause, in this court, the appellant claims that the indictment was bad, "for not charging that the crime was committed in the State of Indiana." The venue of the indictment is, "State of Indiana, County of Morgan, ss," and the offence is alleged to have been committed "at said County of Morgan." This sufficiently shows that the offence was committed in the State of Indiana.

5th. In our opinion, the evidence fully sustained the finding of the court below, and the appellant's motion in arrest of judgment was properly overruled.

We find no error in the record.

The judgment of the court below is affirmed, at the appellant's costs.