Mr. Justice VanValkenburgh
delivered the opinion of the court.
The record in this case commences with an indictment against the plaintiff in error, John Tison and Prank Jerni-gan, containing two counts, one charging the three defendants with larceny; the other count with fraudulently altering the marks of certain animals. The caption and commencement -of the indictment are as follows: “In the Circuit Court for the Seventh Judicial Circuit of Florida, Pall Term, A. D. 1875 — The State of Florida vs. Needham Bass, John Tison, Frank Jernigan, larceny.
“Brevard county, to-wit: The grand jurors of the State of Florida empanelled and sworn to enquire and true presentments make in and for the county of Brevard aforesaid, upon their oaths do present,” &c.
Attached to this indictment is the certificate of the Clerk of the Circuit Court, in and for Brevard county, “that' the above indictment is a true copy of the original filed in my office, February 28th, A. D. 1878.”
The endorsements are as follows: “Copy of indictment. In the Circuit Court for the Seventh Judicial Circuit of Florida, Fall Term, A. D. 1875. The State of Florida vs. Needham Bass, John Tison and Frank Jernigan. A true bill. William Shiver, foreman. Filed February 28, A. D. 1878, as for the Fall Term, A. D. 1875. John M. Lee, Clerk; T. E. Wilson, State Attorney.”
On the 20th of December, 1877, the judge of the circuit, being satisfied that the public good and welfare and cause of justice required that a special term of the Circuit Court should he held in and for Brevard county, by an order appointed such a special term, to be held at the county site of said county, at Lake View, on the eleventh day of February, 1878. At chambers, on the sixth day of February, 1878, he issued an order to .the sheriff of Brevard county directing him to adjourn the special term ordered to be held on the eleventh day of February, A. D. 1878, to the twenty-fifth day of February, A. D. 1878. The record then shows that on March 1st, A. D. 1878, the State Attorney moved for, and the court ordered, a severance in the trials of the defendants, and a nolle -prosequi was entered on the second count of the indictment. The defendant, Needham Bass, was then arraigned on the count charging larceny, plead guilty, and was sentenced by the court to five years in the penitentiary.
The errors assigned are first, that there was no indictment properly presented by a grand jury and placed upon the files of the court, to warrant the subsequent action of the court; second, that the defendant was forced to trial without counsel, and that the plea of guilty was fraudulently obtained; and, third, that the term of the court at which the defendant was arraigned, plead guilty and was sentenced, was not a legal term, and, consequently, the court acquired no jurisdiction.
There is no bill of exceptions, and the record is very in artificially drawn. It shows, however, that the indictment was filed on February 28th, 1878, as for the fall term 1875; that the defendant was arraigned and plead guilty to the charge of larceny, and was dhly and legally sentenced on the 7th day of March, 1878. There was no demurrer, or motion to quash the indictment, or motion in arrest of judgment. In the case of Frances, a slave, vs. The State, 6 Florida, 306, this court, with reference to an error assigned covering the grounds contained in the first error alleged in this case, say: “The appellant having plead not guilty to the indictment, and had two trials upon it in the court below, and having failed to take any notice of it, either on the motion in arrest of judgment, &e., or in her bill of exceptions, may, we think, be considered as having waived it.”
In that case the record failed to show what judge held the court, the term when the indictment was found, when the case was tried, or that any grand jury was empanelled. They say: “In this case the grand jury may have returned a valid indictment into court, and the clerk may have neglected to record their finding, or having recorded it, he* may (indeed must) have failed to copy it into the record sent up. Had the objection been made in the Circuit Court, it would of course have been very easily ascertained whether such a record existed or not, and if not, the bill being there, the fact in regard to its return could have been ascertained, and if a defect in the record existed, it could and doubtless would have been corrected.” In the case of Collins vs. The State, 13 Fla., 652, this court say: “We are of opinion that there is no necessity for the insertion upon the record of a special entry stating the finding of the grand jury, and that it is sufficient if upon the record there is enough to show a delivery of the indictment, into court by the grand jury.”
“All that is required of the extended record is, that what that record contains, shows, according to the accepted legal significance of the terms in which it is framed, that the grand jury presented to the court an indictment for the particular felony with which the party is charged.”
In'the case at bar, the indictment is in proper form, and no objection was taken to it. It is endorsed “a true bill,” properly signed by the foreman, filed by the clerk and endorsed by the State Attorney. Such file mark placed thereon, nunc pro tune, by the proper officer of the court in term time, must have been made under and by virtue of an order of the court. This is sufficient evidence of the presentment by the grand jury, and no further or other evidence thereof is necessary in the extended record.
If there was any error in this respect, it should have been taken advantage of in the court below, where, if a de- *179 feet in the record existed, it could have been corrected. Gallaher vs. State of Florida, 17 Fla., 370; People vs. Blackwell, 27 Cal., 65; Townsend vs. State, 2 Black., 151; Terrell vs. The State, 41 Texas, 463; Long vs. State, 56 Ind., 133.
Chapter 1561, laws 1866, provides: “That the Justices of the Supreme Court, and the Judges of the Circuit Courts of this State be, and they are hereby authorized to order and hold extra and special terms of said courts whenever in their judgment the public welfare and cause of justice require the same; provided, That the order for such special terms of courts may be made either in term time or vacation.” * * * This court in Barbour vs. The State of Florida, 13 Fla., 675, has held that this act is not repugnant to the letter or spirit of the Constitution of this State, “and that it is within the power of the Legislature to provide for the holding of such additional terms of the Circuit Courts at such times as may be deemed by the judges that the public welfare and cause of justice requires the same.” In this case the Circuit Judge did issue his order appointing such additional or special term to be held at the county site of Brevard county, at Lake View, on the 11th day of February, 1878. Subsequently he ordered the sheriff to adjourn such term from the 11th day of February to the 25th day of February, 1878. In relation to the adjournment of the court, our statute, Thompson's Digest, 322, §4, provides that “when any judge shall not attend on the first day of any term, the court shall stand adjourned until twelve o'clock on the second day, and, if said judge shall not then attend, it shall be the duty of the clerk, at that time, to continue all causes and adjourn to such time as the judge may appoint, or to the next regular term by law established.” The judge did direct to what time such special term should be adjourned, and such order was properly filed with the clerk of the court, and as the record shows that this case came on to hearing on the first of March, we must presume that it was properly adjourned to the 25th day of February, in pursuance of such order of the judge.
The question as to whether Lake View is, or is not the county site of Brevard county is not raised by the record, and we must presume that the court was held at the place provided by law.
The errors assigned, in regard to the plea of guilty being obtained by fraud, and the defendant being forced to trial without counsel, are not sustained by anything appearing in the record. The defendant of his. own volition plead guilty to the charge of larceny and was sentenced by the court.
The judgment is affirmed.