Filed Nov. 13, 1884.

———— ———

No. 11,674.

THE STATE v. SCHREIBER.

CRIMINAL LAW.—*Indictment.*—*Venue.*—*Certainty.*—An indictment in the Bartholomew Circuit Court, which charges that the offence was com-

The State *v.* Schreiber.

mitted in Bartholomew county, Indiana, shows the venue with sufficient certainty.

From the Bartholomew Circuit Court.

*F. T. Hord,* Attorney General, *W. Dixon,* Prosecuting Attorney, and *W. B. Hord,* for the State.

NIBLACK, J.—Indictment for unlawfully selling intoxicating liquor on Sunday. The court, regarding the indictment as insufficient, sustained a motion to quash it and discharged the defendant.

The caption and body of the indictment was as follows:

" THE STATE OF INDIANA, BARTHOLOMEW COUNTY, SS:

" Bartholomew Circuit Court. November Term, 1883.

" *State of Indiana* v. *August Schreiber.* Indictment for selling intoxicating liquor on Sunday.

" The grand jury of Bartholomew county, in the State of Indiana, on their oath present that one August Schreiber, late of said county, on the 25th day of November, 1883, said day being then and there the first day of the week commonly called Sunday, did, in Bartholomew county, Indiana, unlawfully sell to one Martin Pfeiffer, at and for the price of five cents, a less quantity than a quart at a time, to wit, one gill of intoxicating liquor, to be drunk then and there as a beverage."

We have no brief from the appellee, and there is nothing either in the record, or otherwise before us, stating the ground upon which the indictment was quashed. Our unaided examination of the indictment discloses to us no substantial insufficiency in any of its averments. The venue might have been more formally laid, but, taking into view the whole face of the indictment, it is sufficiently obvious that the alleged offence was committed within the territorial jurisdiction of the Bartholomew Circuit Court, and that, under our criminal code, is sufficient upon the question of venue. R. S. 1881, section 1755; Moore Crim. Law, section 165; *State* v. *Slocum,* 8 Blackf. 315; *State* v. *Paine,* 1 Ind. 163; *Evarts* v. *State,* 48 Ind. 422; *Long* v. *State,* 56 Ind. 133.

In any event, the charge that intoxicating liquor was sold " in Bartholomew county, Indiana," ought to be construed as meaning, in common parlance, independently of what preceded it, that the sale was made in Bartholomew county, *in the State of* Indiana, and was hence sufficiently certain as to the venue.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

