4   231
4   294
7*  255
7*  410
11* 512

# THE PEOPLE, APPELLANT, v. JOSIAH ROGERSON, RESPONDENT.

CRIMINAL LAW—PLEADING—INDICTMENT.—Where the law requires an officer to perform an act at a certain place, and makes the failure so to do a criminal offense, an indictment charging a failure and refusal at all times to perform the act, sufficiently charges a failure to perform at the place required, and that the offense was committed at such place.

ID.--COUNTY COLLECTOR.—Under a statute requiring the collector of each county to settle with its clerk and make payment into its treasury of all taxes due, by a stated day, an indictment for a failure to pay the taxes into the treasury need not allege that the collector had settled with the clerk.

ID.—COUNTY COLLECTOR.—Such indictment charging that defendant as such collector "feloniously and willfully refused to pay to the county treasurer of Beaver county, then and there being and a public officer thereof," sufficiently alleges that there was a duly qualified county treasurer, and that payment into the treasury had not been made.

APPEAL from a judgment of the district court of the second district. The opinion states the case.

*Mr. Zera Snow*, for appellant.

*Mr. Presley Denny*, for respondent.

ZANE, C. J.:

This is an appeal from a judgment of the district court sustaining a demurrer to an indictment against the defendant. The indictment accuses the defendant of a felony, which is defined in the statute as follows: "Every officer . . . of any county of this territory . . . charged with the receipt, safe-keeping, transfer, or disbursement of public moneys, who . . . willfully omits or refuses to pay over to any officer or person authorized by law to receive the same, any money received by him under any duty imposed by law so to pay over, is guilty of a felony:" Compiled Laws, Utah, 1876, sec. 2068, p. 617.

The defendant insists that the indictment does not show that the offence occurred within the jurisdiction of the court. The defendant is described as the collector of Beaver county, Utah territory, and it is charged that he collected the taxes mentioned, as such officer. The crime consists in willfully omitting or refusing to pay them into the county treasury. The law requires that office to be kept at the county seat, and it was the duty of the defendant to pay there. The indictment states that the defendant willfully neglected and refused at all times to pay over the money, which is equivalent to saying he neglected and refused at all places as well, and therefore denies payment at the county seat of Beaver county, in which the indictment was found. The failure to pay at that place is the breach of duty complained of. The objection is not well taken.

It is also urged that the indictment is defective because there is no allegation therein that the collector had settled with the county clerk. The statute requires the collector of each county to settle with its clerk and make full payment into its treasury of all taxes due on or before the first Monday of May, each year. A breach of duty, in willfully failing to pay over money due, is charged—not in failing to settle. The indictment contains the allegation that the taxes mentioned came to the hands of the defendant between the first day of January, 1882, and the eighth day of May, 1883. The seventh of the latter month was the first Monday. The taxes in question were due on that day, and should then have been paid into the county treasury.

It is further claimed that the indictment does not show there was a county treasurer qualified and authorized to receive such money, or that the money had not been paid into the treasury. The indictment charges that the defendant, as such collector, " feloniously and willfully refused to pay to the county treasurer of Beaver county, then and there being, and a public officer thereof." This language sufficiently designates the officer, and the law defines his authority and duties. The statement that the payment had not been made to the treasurer was equiva-

lent to an allegation that it had not been paid into the treasury.

The court is of the opinion that the indictment is good. The judgment of the court below is reversed, the cause remanded, and the district court is directed to overrule the demurrer.

EMERSON, J., and TWISS, J., concurred.

Respondent filed a petition for a rehearing, and the following decision was rendered thereon.

POWERS, J.:

This is an application for a rehearing, the reason alleged being that this court, in deciding the case, misapprehended the law. The case was carefully considered in all its bearings by this court on the hearing, and it appears by the opinion on file that all the points raised by the defendant were considered. We are not convinced that a rehearing should be granted, and a rehearing is, therefore, denied.

ZANE, C. J., and BOREMAN, J., concurred.