NcNEILL & HALL v. JOHN R. McDUFFIE.

*Courts—Term of Court, Validity of—Statutes, Construction of—Repeal by Implication.*

1. Under Ch. 86, Acts of 1895, providing for the holding of a superior court in Cumberland county "on the sixth Monday after the first Monday in March, to continue for two weeks," the judge may appear on any day within the two weeks (if the court has not previously been adjourned) and that part of the term actually held will be as valid as if court had been opened on the day fixed by the statute.

2. Chapter 281, Acts of 1895, provided that a superior court should be held in Richmond county "on the sixth Monday after the first Monday in March," while Ch. 86, Acts of 1895, provided that a superior court should be held in Cumberland county, commencing on the same date and "to continue for two weeks;" *Held*, that Ch. 281 is not so irreconcilably in conflict with Ch. 86 as to repeal it, since both counties being in the same judicial district, the judge, after opening court in Richmond county on the day fixed by statute, could lawfully hold court in Cumberland county before the end of the two weeks, the court not having been previously adjourned by the sheriff.

3. In such case it was proper for the judge to direct the clerk of Cumberland superior court to follow the customary formula, describing the court as begun and opened on the first day thereof as specified in the statute.

CIVIL ACTION of claim and delivery, tried before *Greene, J.*, and a jury, at April Term, 1896, of CUMBERLAND Superior Court.

The defendant excepted to the jurisdiction of the court upon the ground that the law did not authorize said court to be held at the time. Exception overruled and defendant excepted. Upon the trial there was no exception on the defendant's part as to the rulings of the court upon the

McNeill v. McDuffie.

exception or rejection of evidence. No special instruction was asked for by the defendant. There was judgment for the plaintiffs and defendant appealed.

*Mr. Geo. M. Rose*, for plaintiffs.
*Mr. N. W. Ray*, for defendant (appellant).

CLARK J.: Chapter 86, Acts 1895, provides for a superior court to be held in Cumberland county " on the 6th Monday after the first Monday in March, to continue for two weeks." By Chapter 281 of the same Acts, but ratified later in the session, it is enacted that a superior court be held in Richmond county " on the sixth Monday after the first Monday in March," Cumberland and Richmond counties being in the same judicial district. It is clear that the two courts cannot be readily opened on the same day by the same judge. But it does not follow necessarily that one act repeals the other. There is no express repeal, and the courts lean strongly against repeals by implication. There is an apparent conflict, but *non constat* that the judge might not hold both courts, beginning his session (as he did) in Cumberland after dispatching the business before him in Richmond. If he had been detained by illness or any other cause, so that he could not appear till the second Monday at Cumberland, that term being authorized for two weeks and not having been adjourned on the fourth day by the sheriff, the court would have been valid, and by fiction of law all its judgments would have dated as of the " sixth Monday after the first Monday in March," no matter on what day the court actually opened or any particular judgment was entered. *Norwood* v. *Thorp*, 64 N. C., 682. It can make no difference what was the cause of the judge's absence, whether illness or attending to official duties elsewhere. The material and

119—22

McNeill v. McDuffie.

only essential facts are that the judge designated by law to hold the court appeared within the time prescribed and held it, the court not having been previously adjourned (in consequence doubtless of directions given to the sheriff by the judge). His Honor was authorized by statute to hold the superior court of Cumberland for two weeks, beginning on the 6th Monday, and the part of the term he actually held is not invalidated because (from whatever cause is immaterial) he did not open the court upon the first day of the prescribed term. The judge properly directed the clerk to follow the customary formula describing the court as begun and opened on the first day thereof, as specified in the statute. *Norwood* v. *Thorp*, 64 N. C., on p. 682.

We have the authority of Sir Boyle Roche that " no man can be in two places at the same time, barring he is a bird," and certainly the judge could not open court in two counties at the same hour, but it is not physically impossible that he might do so on the same day if at different hours, adjourning one of the courts to a later day in the term. At any rate, the conflict is not such that the court is compelled to hold one act as being necessarily a repeal of the other; and, such being the case, we must sustain both statutes. *Wortham* v. *Basket*, 99 N. C., 70. His Honor below had no difficulty in doing so, for he in fact held both courts, and if he found it possible in fact we ought not to find it impossible in law.

The conflict is more seeming than real, not being irreconcilable, but it is an awkward inconvenience caused by legislative inadvertence, and will doubtless be corrected at the next session of the General Assembly.

No Error.