ALEX. WEBSTER, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

| 49 | 131 |
| 51 | 15 |

1. If a Circuit Judge fails to attend the court on the first day of the term the statute provides that "the court shall stand adjourned until 12 o'clock on the second day;" and if the judge shall not then attend the clerk is required by statute to "adjourn the court to such time as the judge may appoint, or to the next regular term, by law established." If by order of the judge the court is adjourned to the third day of the term, the premature entry of the order on the first day adjourning the court to the third day of the term, when the statute adjourned it to the second day, does not cause a lapse of the term. The statute adjourned the court to the second day, and the order of the court though prematurely entered on the record adjourned the court to the third day, and this being within the period designated by law for the term to be held, the term did not lapse, and the convening and organization of the court pursuant to the adjournment were not thereby made illegal.

2. An indictment for murder in the first degree which charges that the defendant with an axe "feloniously, willfully and of his malice aforethought and from a premeditated design

to effect the death of the said E. H. F., the said E. H. F., with the axe aforesaid did strike, cut and wound," &c., sufficiently charges that the act constituting the efficient cause of the death was done from a premeditated design to effect the death of the person assaulted.

3. Allegations in an indictment charging that the defendant "feloniously, wilfully and of his malice aforethought and from a premeditated design to effect the death" of the deceased committed the acts resulting in death, sufficiently charge the premeditated design or criminal intent; the statute does not require a different form of allegation of wilful and deliberate design, or of criminal intent to effect death in a charge of murder in the first degree.

This case was decided by Division A.

Writ of Error to the Circuit Court for Bradford County.

The facts are stated in the opinion of the Court.

*T. W. Fielding,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

WHITFIELD, C. J. The plaintiff in error was convicted in the Circuit Court for Bradford county of murder in the first degree and sentenced to be hung. The first judgment entered in the case was reversed by this court on writ of error and the cause remanded for a proper judgment and sentence. Webster v. State, 47 Fla. ..., 36 South. Rep. 584. On November 10th, 1904, at the Fall Term, the Circuit Court rendered another judgment imposing the sentence of death on the defendant and a writ of error was taken by him to such judgment.

Under the first and second assignment of error it is contended that "the judge of the court not having ap-

peared at either the first or second day of the term, and he having made no order as to the adjournment, and having called no special term of the court, and the clerk not having performed the duties required of him, therefore the court acquired no jurisdiction, and had no authority or right over plaintiff in error, and the sentence and judgment of the court are a nullity." This contention is doubtless made upon the theory that as the judge did not attend on the first or second day of the term, and assuming that no proper order was made by the judge for the adjournment of the court, the term lapsed and the proceedings had were without authority of law.

Chapter 5121, Acts of 1903, provides that the Fall Term of the Circuit Court "shall commence * * * in the county of Bradford on the first Monday in November; in the county of Baker on the third Monday in November." The first Monday in November, 1904, was the 7th day of said month. The transcript shows the following record entry: "Monday, Nov. 7th, 1904. In Circuit Court, 8th Judicial Circuit of Florida, Bradford Co. This being the day fixed by law for holding the Fall Term of our Circuit Court, at 10 o'clock A. M., the court was opened in due form by the sheriff, and by order of the court adjourned until 9 o'clock A. M. Wednesday, November 9th, 1904." There is also copied into the transcript a certificate of the clerk as to the non-attendance of the judge and other matters relating thereto. Even if this certificate could be taken as evidence of the matters stated therein (Parker v. Cleveland, 37 Fla. 39, 19 South. Rep. 344) it is not incorporated in a bill of exceptions (Reeves v. State, 29 Fla. 527, text 533, 10 South. Rep. 901), and consequently the certificate of the clerk can not be considered here for any purpose.

Section 1380 of the Revised Statutes of 1892, provides that "Whenever any judge shall not attend on the first day of any term, the court shall stand adjourned until 12 o'clock on the second day; and if said judge shall not then attend, it shall be the duty of the clerk at that time to continue all causes, and adjourn the court to such time as the judge may appoint, or to the next regular term, by law established." This is a remedial statute intended to prevent a lapse of a term if the judge fails to attend. May v. People, 8 Colo. 210, 6 Pac. Rep. 816; People v. Sanchez, 24 Cal. 17. The term of the court in the county of Bradford could under the statute extend over a period of two weeks commencing on the first Monday in November. If the judge did not attend on the first day of the term the court was by the statute "adjourned until 12 o'clock on the second day." The judge had the power to order the court to adjourn to such time as he may appoint; and the record shows it was on the first day by order of the court adjourned to the third day of the term. The premature adjournment of the court on the first day until the third day of the term, when the statute adjourned it to the second day, did not cause a lapse of the term. If the judge did not attend on the first day of the term the statute adjourned the court until the second day, and the order of the court though prematurely entered on the record adjourned the court to the third day. This being within the period designated by law for the term to be held in the county of Bradford, the term did not lapse; and the convening and organization of the court pursuant to the adjournment were not thereby made illegal. Bass v. State, 17 Fla. 685, text 689; Norwood v. Thorp, 64 N. C. 682; McNeill v. McDuffie, 119 N. C. 336, 25 S. E. Rep. 871.

The third assignment of error is that the court erred in overruling the motion in arrest of judgment. The grounds of this motion are (1) The indictment does not sufficiently charge the crime of murder in the first degree. (2) The indictment does not sufficiently charge that the homicidal act was done with a premeditated design to effect the death of deceased. (3) The indictment does not charge the defendant with a wilful and deliberate design to effect death. (4) The indictment does not charge the defendant with any criminal intent to effect death. (5) There is not charged against the defendant any design to effect the death of any person. The indictment charges "that one Alex Webster, late of the county of Bradford and State of Florida, on the 24th day of August in the year of our Lord one thousand nine hundred and one in the county and State aforesaid, feloniously, wilfully and of his malice aforethought and from a premeditated design to effect the death of E. H. Fisher in and upon the said E. H. Fisher did make an assault, and that the said Alex. Webster, with a certain axe which he the said Alex. Webster, then and there held in his hands in and upon the body of the said E. H. Fisher, then and there, feloniously, wilfully and of his malice aforethought and from a premeditated design to effect the death of the said E. H. Fisher the said E. H. Fisher, with the axe aforesaid did strike, cut and wound, giving to the said E. H. Fisher then and there with the axe aforesaid in and upon the body of the said E. H. Fisher one mortal wound, the depth and breadth of which said mortal wound is to the grand jurors unknown, of which said mortal wound the said E. H. Fisher then and there instantly died," &c.

It is contended "that the efficient cause of the death, that is the giving of the mortal wound, is not charged to

have been done with a premeditated design to effect death." The case of Simmons v. State, 32 Fla. 387, 13 South. Rep. 896, is referred to in support of the contention made. The charge here is unlike the one in the Simmons case. Here it is charged that the defendant "feloniously, wilfully and of his malice aforethought and from a premeditated design to effect the death of the said E. H. Fisher the said E. H. Fisher, with the axe aforesaid did strike, cut and wound," &c. The efficient cause of the death in this case was the striking, cutting and wounding. This is charged to have been done by the defendant with an axe "feloniously, wilfully and of his malice aforethought and from a premeditated design to effect the death of the said E. H. Fisher." This is clearly a sufficient allegation that the act constituting the efficient cause of the death was done from a premeditated design to effect the death of the person assaulted. The allegation as to a premeditated design to effect the death of the deceased is sufficient under our statute in a charge of murder in the first degree. The statute does not require a different form of allegation of wilful and deliberate design, or of criminal intent to effect death in a charge of murder in the first degree.

The judgment is affirmed.

CARTER and SHACKLEFORD, JJ., concur.

TAYLOR, HOCKER and COCKRELL, J.J., concur in the opinion.