LENNARD v. STATE OF INDIANA.

[No. 23,948. Filed November 16, 1921.]

INDICTMENT AND INFORMATION.—*Sale of Intoxicating Liquor.*— *Indictment.—Sufficiency.—Duplicity.—Statutes.*—Section 4 of the Prohibition Act (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918) making it unlawful to sell, barter, exchange, give away, furnish and otherwise dispose of any intoxicating liquor, is not intended to name several offenses, but only the one offense of getting intoxicating liquors into the possession of other persons, which may be committed in different ways; hence, an indictment under this section charging conjunctively that defendant unlawfully sold, bartered, exchanged, gave away, furnished, and otherwise disposed of intoxicating liquor, is not bad for duplicity

From Wayne Circuit Court; *William A. Bond,* Judge *Pro Tem.*

Prosecution by the State of Indiana against John Lennard. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Holmes & McCallister,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TRAVIS, J.—This was a prosecution for an alleged violation of §4 of the act known as the "Prohibition Law," Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918, instituted in the Wayne Circuit Court. There was a verdict of guilty.

This appeal is prosecuted on one question of law, which arose upon the overruling of appellant's motion to quash the indictment against him for the reasons: (1) The facts stated in the indictment do not constitute a public offense, (2) the indictment does not state the offense with sufficient certainty.

The indictment, omitting the formal parts, is as follows: "And then and there unlawfully, sell, barter, ex-

change, give away, furnish and otherwise dispose of intoxicating liquor, to wit, a quart of whisky," etc. Appellant under his first reason to quash, makes the point that the indictment is bad for duplicity in that it charges six distinct and substantive offenses in one count, maintaining that either a sale, a barter, an exchange, a gift, a furnishing, or a disposition of such intoxicating liquor is a substantive offense complete in itself, and does not depend upon any one of the other five.

Section 4, *supra*, in question is not intended to name several different kinds of offenses, but to name one offense, i.e. to get intoxicating liquor into the possession of other persons. While it may not be unlawful for one to consume his own intoxicating liquor, it is unlawful for him to be the agency through or by which another may gain possession thereof.

As well said in a recognized text upon criminal procedure: "A statute often makes punishable the doing of one thing or another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did ·as many of the forbidden things as the pleader chooses, employing the conjunction *and* where the statute has "or", and it will not be double, and it will be established at the trial by proof of any one of them." Bishop, New Criminal Procedure §436. *McCarthy* v. *State* (1877), 56 Ind. 203; *State* v. *Fidler* (1897), 148 Ind. 221, 47 N. E. 464; *Irvin* v. *State* (1906), 52 Fla. 51, 41 South. 785, 10 Ann. Cas. 1003; *Howard* v. *State* (1921), *ante* 232, 131 N. E. 403.

Therefore the different ways in which this crime may

have been committed, as enumerated in said §4, *supra,* may be enumerated conjunctively in the indictment or affidavit which charges the offense.

The trial court did not err in overruling the motion to quash the indictment.

Judgment affirmed.

Myers, J., absent.