## PARKER v. STATE OF INDIANA.

[No. 24,563. Filed January 30, 1925. Rehearing denied March 17, 1925.]

1. INDICTMENT.—*General objections are insufficient where some offenses are properly charged.*—A motion to quash an affidavit charging several offenses which objects generally that the facts alleged are not sufficient to constitute a public offense, is properly overruled where some of the offenses are properly charged. p. 38.

2. INTOXICATING LIQUORS.—*Evidence of sale considered and held sufficient.*—Evidence that two witnesses went down an alley and entered the home of defendant from the rear and asked him for a drink; that he brought each of them about a spoonful in a little glass of something that did not taste like water, which they drank and paid thirty-five cents a drink for; and that they were stopped by policemen who had seen them going in, within fifty feet of the house after they had departed, and that they then had the smell of whisky on their breath, is sufficient to support the jury's inference that defendant had furnished intoxicating liquor to the two men. p. 38.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

James Parker was convicted of a violation of the prohibition law, and he appeals. *Affirmed.*

*Walterhouse & Miller,* for appellant.

*U. S. Lesh,* Attorney-General, and *Cronk & Wilde,* for the State.

EWBANK, J.—Appellant was tried on the charge that he did "unlawfully sell, barter, exchange, give away, furnish and otherwise dispose of intoxicating liquor to" two persons named. The jury found him guilty, and from a judgment of conviction he appealed. The sufficiency of the affidavit was challenged by a motion to quash and by a motion in arrest of judgment, the specific objection urged being that it did not state what price was paid for the liquor nor what was given in exchange for it, nor state the facts which constituted the alleged giving away or other disposition charged. We need not decide whether or not each and all of the offenses forbidden by the statute were sufficiently

1. charged, as the motions presented only the general objection that the facts alleged were not sufficient to constitute any public offense at all, and the charge in the language of the statute was sufficient as to some of the alleged offenses, at least. *Lennard* v. *State* (1921), 191 Ind. 371, 132 N. E. 677.

The only causes for which a new trial was asked challenged the sufficiency of the evidence to sustain the verdict finding appellant guilty as charged. There

2. was evidence that the two persons to whom the intoxicating liquor was alleged to have been sold, bartered, given, furnished and otherwise disposed of went down an alley and entered the home of defendant in Muncie from the rear and asked him for something to drink; that appellant brought each of them about a spoonful in a little glass of something that did not taste like water, which each drank; that one of them paid defendant thirty-five cents a drink for it, and they left the house within ten minutes after having entered it; that certain policemen had seen them go down the alley and enter defendant's house, and stopped them within fifty feet of it when they came out, and they then had the smell of whisky on their breath. This

evidence was sufficient to support the inference which the jury drew that defendant had sold and furnished intoxicating liquor to the two men, as charged.

The judgment is affirmed.