## POST v. STATE OF INDIANA.

[No. 24,824. Filed January 13, 1926.]

1. INDICTMENT.—*Failure of indictment to comply with rules of criminal pleading, not ground for quashing.*—That an indictment does not comply with the rules of criminal pleading is not cause for quashing it. p. 194.

2. INDICTMENT.—*Indictment not bad because of charging, in a single count the doing of all acts forbidden by single section of statutes.*—An indictment is not insufficient because it alleges in a single count that the defendant did each and all of several acts forbidden and made punishable by the same section of the statute. p. 195.

3. INDICTMENT.—*Indictment held to state venue sufficiently to confer jurisdiction.*—An indictment entitled "State of Indiana, Union County, ss.," and charging that certain criminal acts were done in "said county," was sufficient to give the court of that county jurisdiction, and a subsequent averment that they were done "within the state of Indiana" would not render the allegation as to venue uncertain or otherwise insufficient. p. 195.

4. INDICTMENT.—*Mistake in grammar, spelling or punctuation does not vitiate an indictment or affidavit.*—A mere mistake in grammar, spelling or punctuation does not vitiate an indictment or affidavit, where its meaning is clear. p. 195.

5. INTOXICATING LIQUORS.—*Indictment charging furnishing and bartering intoxicating liquor not insufficient because of omission of comma between the two words.*—An indictment charging that the defendant did unlawfully "give away, furnish barter, exchange and otherwise dispose of intoxicating liquor" was not rendered insufficient as to the charges of furnishing and bartering by failure to put a comma between the words "furnish" and "barter." p. 195.

6. INTOXICATING LIQUORS.—*Admission in evidence of jugs and liquor found on search of defendant's premises under authority of search warrant not error although warrant was not introduced.*—In a prosecution for violating the Prohibition Law, the admission in evidence of jugs and liquor found on a search of defendant's premises under the authority of a search war-

rant was not error although search warrant had not been introduced in evidence, in the absence of any suggestion that such warrant was defective. p. 198.

7. INTOXICATING LIQUORS.—*Evidence held insufficient to sustain conviction for giving away, or otherwise disposing of intoxicating liquor.*—Evidence *held* insufficient to sustain conviction for unlawfully giving away, furnishing, bartering, exchanging or otherwise disposing of intoxicating liquor. p. 198.

8. CRIMINAL LAW.—*Instruction to find defendant guilty on evidence "indicative" of guilt was improper.*—An instruction directing the jury to find the defendant guilty if evidence had been introduced that would satisfy the minds of the jurors to the degree of certainty "indicative" of guilt was erroneous, as the evidence must convince the jury beyond a reasonable doubt that the accused is guilty of the charge on which he is being tried. p. 199.

From Union Circuit Court; *Cecil C. Tague,* Judge.

Elmer E. Post was convicted of unlawfully giving away, furnishing, bartering, exchanging and otherwise disposing of intoxicating liquor, and he appeals. *Reversed.*

*Pigman & Roberts* and *Wiles, Springer & Roots,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Arnet B. Cronk* and *Carl J. Wilde,* for the State.

EWBANK, C. J.—Appellant was convicted on the charge that he "unlawfully gave away, furnished, bartered, exchanged and otherwise disposed of intoxicating liquor." Overruling his motions to quash the indictment, and for a new trial are assigned as errors.

The indictment was entitled "State of Indiana, Union County, SS," and recited that "the grand jurors of Union County, in the State of Indiana   *   *   *   on their oaths present that one Elmer E. Post, late of said county, on the 20th day of November, A. D. 1923, at said county and state aforesaid, did then and there unlawfully give away, furnish barter, exchange and otherwise dispose of intoxicating liquor

to person unknown to this grand jury and within the state of Indiana, contrary," etc.   The motion to quash was for the alleged reasons that:   (1) The indictment does not state facts sufficient to constitute a public offense; and that (2) it fails to comply with the rules in criminal pleadings.   It is not clear just what was intended by the second proposition, but obviously what was stated is not a cause for quashing an indictment. §2227 Burns 1926, §2065 Burns 1914, §194, ch. 169, Acts 1905 p. 584.

The indictment is not insufficient by reason of alleging in a single count that the defendant did each and all of several acts forbidden and made punishable by the same section of the statute.   *Lennard* v. *State* (1921), 191 Ind. 371, 372, 132 N. E. 677; *Parker* v. *State* (1925), 196 Ind. 37, 146 N. E. 327.

2, 3.

The allegation that the acts charged were done "at said county and state aforesaid," after having entitled the indictment as of the "State of Indiana, Union county," and having recited that it was returned by the grand jury of "Union county, in the State of Indiana," charged that such acts were done in Union county with sufficient certainty to give the Union Circuit Court jurisdiction of the cause; and the subsequent charge that they were done "within the State of Indiana" did not make the allegation as to venue uncertain or otherwise insufficient.   *Rivers* v. *State* (1896), 144 Ind. 16, 19, 42 N. E. 1021.

The mere failure to put a comma between the words "furnish" and "barter" did not make the indictment insufficient even as to the charge that the defendant bartered intoxicating liquor and that he furnished it.   It is an established rule that where the meaning is clear a mere mistake in grammar, spelling or punctuation does not vitiate an indictment or

4, 5.

affidavit. *Bader* v. *State* (1911), 176 Ind. 268, 273, 94 N. E. 1009. But, in any event, such an omission could not affect the sufficiency of the charge that he unlawfully gave away, exchanged and otherwise disposed of intoxicating liquor. The court did not err in overruling the motion to quash the indictment.

There was evidence that the defendant and his son owned a garage in Liberty, Indiana, in the rear of which was a vacant lot through which a way was open from the back door of the garage to a street beyond, the lot not being fenced; that on November 20, 1923, the sheriff, looking from the windows of her office in the courthouse a square away, watched the rear door of the garage all day, and that a deputy sheriff, from noon until the middle of the afternoon, watched the front door from a grocery store across the street; that defendant was seen by the sheriff to drive up to the garage at noon and go to a machine and take out a sack with something in it, but she could not tell what was in the sack; that she saw defendant out in the back lot, at the rear of his garage; that a deputy sheriff saw defendant at about 12 or 12:30 o'clock in the afternoon in the garage; that he watched the front part of the garage from about 12:30 o'clock up to about 3 o'clock and saw defendant there several different times; that there were about twenty-five cars out in the vacant lot behind the garage, part of which were abandoned, worthless cars, and some of which were being worked on at that time; that on the morning of that day a witness had been in defendant's garage when he walked to the back door and saw a man that he did not know take a jug from a sack in an automobile out in the back lot, take the stopper from the jug and drink from it, and then replace the jug in the automobile, after which the witness went to the office of the deputy sheriff; that in the vacant lot were many automobiles. but

there was a driveway, wide enough for automobiles, from the rear of the garage across the lot to the street behind; that a federal prohibition officer and the sheriff and deputy sheriff, with two other persons, went to defendant's garage at about 4 or 5 o'clock in the afternoon of that day, and he met them inside his garage near the door; that the sheriff said to him that she had a search warrant and started to read it, but he said he did not want to hear it and started to walk through the garage; that she followed him and on a shelf in the stockroom found a glass jug with moonshine liquor in it that was not concealed nor hidden; that the federal prohibition officer, who had received information from the sheriff and from the person who saw a man drinking from a jug in the vacant lot, went to a broken down old automobile that stood on the vacant lot, and in a burlap sack, concealed under the rear seat, found a one-gallon white and brown jug which contained moonshine whisky, and carried it to the office of the justice of the peace; that the jugs and contents so found were the same which were then in the courtroom before the jury, marked exhibit No. 1, and exhibit No. 2; that the prohibition officer had arrived in Liberty at 2:30, came to the courthouse, secured the necessary papers, and then made the search about 4 or a little later; that the distance from the rear of the garage across the vacant lot occupied by the old cars was about eighty feet, and that the car in which the jug of moonshine whisky was found was standing out in the open, with a number of other cars out there, about twenty-five feet from the rear of defendant's garage; that defendant owned some of the old automobiles in the rear of the garage and had control of the cars stored there, and used the vacant lot there to store old cars in; that the deputy sheriff, at the time the search was made, saw some other fellows get two bottles behind some oil barrels. But

it was not shown that the bottles contained anything, and there was no evidence who owned the vacant lot. All of this evidence having been admitted and heard without objection or exception, the state then offered to introduce in evidence the two jugs of liquor, when defendant objected, and, his objection having been overruled, he reserved an exception to their introduction.

The reason offered by appellant for objecting to the introduction in evidence of the jugs and liquor they contained was that the state had not introduced in evidence the search warrant and the affidavit on which it was issued. No defect in the affidavit or the search warrant was pointed out or even suggested, and where evidence that the officers had a search warrant, and under authority of that warrant had made a search and seized the jugs and their contents, had been admitted without objection, it was sufficient to justify the introduction in evidence of the liquors thus seized, without making that formal proof of the sufficiency of the search warrant which might have been required if seasonable objection had been made when oral testimony that the officers had a search warrant was offered. Evidence which was not disputed was to the effect that defendant had gone to Oxford, Ohio, early in the morning of that day and had eaten his lunch there before he started back to Liberty. The evidence, as above set out, might possibly support an inference that the defendant had possession of intoxicating liquor which he kept in and about his garage. But that was not the charge against him, and mere possession of intoxicating liquor was not then a public offense. *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471. And in the absence of any evidence tending to prove that he authorized the unknown man to drink from the jug taken out of the old car in the vacant lot, or that he knew the man would do so, or that he was

6, 7.

in the town of Liberty or county of Union, or even in the State of Indiana when the man took the jug out of the car and drank from it, or had any connection with or knowledge of the jug and its contents, except what might be inferred from the fact that he used the vacant lot, open to the street, as a place to store cars, and that the whisky was under the seat of an old abandoned car in that lot, and that he was seen to take a burlap bag out of some car a few hours later, the evidence is not sufficient to sustain a verdict finding him guilty of unlawfully giving away, furnishing, bartering, exchanging and otherwise disposing of intoxicating liquor, which was the only charge for which he was on trial and of which he was convicted. The evidence was not sufficient to sustain the verdict.

Instruction No. 10, which the court gave, told the jury, among other things, that "All the state is required to do to produce such evidence that will satisfy your minds to the degree of certainty indicative of the guilt of the accused of the charge covered in the indictment and when this is done you should find the defendant guilty." One or more words necessary to make the sentence complete would seem to have been omitted in copying. But, in any event, the jury should not have been instructed to find the defendant guilty on evidence "indicative" of guilt. It is only when the evidence convinces the jury of defendant's guilt beyond a reasonable doubt that they should return a verdict finding him guilty. As the judgment must be reversed because of the insufficiency of the evidence, it is not necessary to consider and we do not decide whether or not the error in giving this instruction is shown to have been harmless, as the attorney-general insists it was.

The judgment is reversed, with directions to sustain the motion for a new trial.