A. L. McELEVENE, *Plaintiff in Error,* vs. STATE OF FLORIDA, *Defendant in Error.*

142 So. 216.

Division A.

Opinion filed June 6, 1932.

Petition for rehearing denied July 8, 1932.

*Bernard H. English* and *W. Brantley Brannon,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, C.J.—In this case plaintiff in error was indicted charged with murder in the first degree and was convicted of murder in the second degree in the Honorable Circuit Court of Columbia County, Florida.

One of the contentions made here is that the indictment fails to sufficiently charge venue and counsel for plaintiff in error relies on the judgment and opinion in the case of Rimes vs. State in which opinion was filed March 28, 1931, and reported in 133 Sou. 550. In that case the indictment charged:

"The Grand Jurors of the State of Florida duly empanneled and sworn to inquire and true presentment make in and for the body of the County of Union, upon their oaths do present that Wilbur Rimes

on the 4th day of August, A. D. 1929, did unlawfully and feloniously desert his lawful wife Virginia Rimes, and his lawful child Thomas H. Rimes.''

While in this case the indictment reads:

"The Grand Jurors of the State of Florida, duly chosen, empannelled and sworn diligently to inquire and true presentment make in and for the body of the County of Columbia, upon their oath present that, A. L. McElvene, whose Christian name is to the Grand Jurors unknown, late of said county, on the 3rd day of October A. D. 1931, *in the County and State aforesaid,* with a deadly weapon to-wit: a shot gun, loaded and charged with gun powder and leaden balls and which said shot gun he, the said A. L. McElvene, then and there had and held in his hands, in and upon one Nancy Kent,'' etc.

Here the indictment clearly lays the venue in Columbia County, State of Florida, and in doing so uses the language which is ordinarily and almost universally used in alleging the venue, towit: "In the State and County aforesaid.''

Other assignments of error have been considered with the result that we find no reversible error disclosed by the record. The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.