### CHAMBERS V. STATE OF INDIANA.

[No. 26,794. Filed October 26, 1937. Rehearing denied November 23, 1937.]

*Robert L. Hanna* and *Jenkins & Jenkins,* for appellant.

*Omer S. Jackson,* Attorney-General, and *James K. Northam,* Deputy Attorney-General, for the State.

TREMAIN, J.—A charge of grand larceny was filed against the appellant in the court below. He pleaded not guilty and filed a motion to quash, which was overruled. There was a trial by jury, conviction, and judgment. The sufficiency of the affidavit is the only question properly before the court. The affidavit charges that the appellant "on or about the 21st day of April, 1935, at and in the county and state aforesaid, did . . ." The caption of the affidavit names the state, county, and court. It is contended that the caption is not part of the affidavit, and, therefore, the affidavit is insufficient because it does not fix the venue.

The appellant relies upon *The State* v. *Beebe* (1882), 83 Ind. 171. In the cited case neither the state nor the county was named in the caption. The affidavit charged that Beebe "at said county of Jefferson, did . . ." A motion to quash the affidavit was sustained upon the ground that no venue was named therein. The State excepted to the ruling and appealed to this court, where the ruling of the lower court was affirmed. In passing upon the question the court used the following language (p. 172):

> "An indictment must, in some manner, name with certainty the county and State in which the offence charged was committed.
> "This may be done in the body of the indictment, or may be first stated in the caption, and afterwards referred to in some appropriate way in connection with the venue of the offence." (Citing authorities.)

In affirming that case the court pointed out that the affidavit did not in any manner distinctly indicate the state in which the alleged offense was committed. It is charged in the body of the affidavit that it was committed "at said county of Jefferson," but the state is not named in either the caption or the body of the affidavit.

Among the authorities cited in that case to the effect that the county and state may be first mentioned in the caption and referred to in some appropriate manner is *Evarts* v. *The State* (1874), 48 Ind. 422. In that case the appellant was prosecuted upon an information entitled: "State of Indiana, Randolph county: In the Randolph Circuit Court, October term, 1874." It was charged that the offense was committed "at said county of Randolph," without naming the state. It was there held that since the county and state were named in the caption, the charge in the body omitting the state was sufficient, and that the charge, "said Randolph County" meant the county of Randolph in the State of Indiana as clearly as if it had been expressed in terms.

The Beebe case also cited *Long* v. *The State* (1877), 56 Ind. 133. It was asserted in that case that the affidavit was bad and should have been quashed for not charging that the crime was committed in the State of Indiana. The caption of the indictment is: "State of Indiana, County of Morgan, ss," and the offense was alleged to have been committed "at said County of Morgan." It was held that this was sufficient to show that the offense was committed in the State of Indiana, although the State of Indiana was not named in the body of the affidavit.

Another authority cited in the Beebe case is *The State* v. *Schultz* (1877), 57 Ind. 19. The affidavit was quashed by the lower court for the reason that it did not allege that the crime was committed in Warrick County. The county was named in the caption. This was a perjury charge and it was alleged in the affidavit that the false evidence had been given "then and there," referring to testimony given before the Board of Commissioners of the county of Warrick. The court said (p. 23):

"The county had been previously mentioned, and the word 'there' referred to it for venue."

In *Hawkins* v. *The State* (1894), 136 Ind. 630, 36 N. E. 419, this court had under consideration a similar affidavit. The caption showed the venue to be in Perry County, State of Indiana. In the body of the affidavit it was charged that the offense was committed "at said county." This was held to be sufficient as against a motion to quash. Also see Wharton's Criminal Procedure, Vol. 1, §185 (10th Ed.).

The affidavit set out above, in the case at bar, specifically named the state and county in the caption. The body of the affidavit alleges the offense to have been committed "at and in the county and state aforesaid." Under the foregoing authorities, and upon sound reasoning, such allegation is sufficient. A repetition of the state and county would amount to redundancy. The motion to quash was properly overruled.

No other question is properly presented to this court for the reason that the bill of exceptions was not filed within the time allowed, and cannot be considered for any purpose.

Judgment is affirmed.