370 P.2d 508

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Kenneth G. BELL, Defendant-Appellant.**

No. 8999.

Supreme Court of Idaho.

March 2, 1962.

Rehearing Denied April 24, 1962.

Marion J. Callister, Boise, for appellant.

Frank L. Benson, Atty. Gen., Eugene C. Smith, Pros. Atty., Ada County, John T. Hawley, Sp. Pros. and Sp. Deputy Atty. Gen., Boise, for respondent.

TAYLOR, Justice.

Defendant (appellant) was convicted upon a charge of misuse of public moneys received by him as a justice of the peace. The charge is alleged in the information as follows:

"That said defendant, Kenneth G. Bell, was from January 12, 1959, to and including July 31, 1960, a duly elected, qualified and acting Justice of the Peace of Boise Precinct in and for the County of Ada, State of Idaho; that in his, the said defendant's, capacity as Justice of the Peace of said Precinct, as aforesaid, said defendant was charged with the receipt, safekeeping, transfer and disbursement of public monies; that during the period from January 1, 1960, to and including the 30th day of June, 1960, said defendant, in the course of his duties as Justice of the Peace of Boise Precinct, as aforesaid, did receive public monies in the sum of Eight Thousand Eight Hundred Fifty and 70/100 ($8,850.70) Dollars; that said defendant, Kenneth G. Bell, in his capacity as Justice of the Peace, as aforesaid, did wilfully, intentionally, unlawfully and feloniously omit to transfer said monies to the County Treasurer as required by Section 31–3016, Idaho Code."

Defendant contends the information was insufficient to confer jurisdiction upon

the district court, for failure to allege therein that the offense was committed in the county where the information was filed, and that it fails to allege that the offense was committed in the State of Idaho. The information sufficiently alleges that the offense was committed in the "County of Ada, State of Idaho." The allegation that the defendant was acting as justice of the peace of Boise precinct in the County of Ada, State of Idaho, and "in his capacity as Justice of the Peace, as aforesaid, did wilfully" omit to transfer the moneys to the county treasurer, is sufficient as an allegation that the offense was committed in Ada County, State of Idaho. The use of the reference words "as aforesaid" refers back to and incorporates in the allegation detailing the offense, the prior allegation that the events occurred while he was acting as justice of the peace in the County of Ada, State of Idaho. People v. Nelson, 399 Ill. 132, 77 N.E.2d 171; Chambers v. State, 212 Ind. 672, 10 N.E.2d 731; Post v. State, 197 Ind. 193, 150 N.E. 99; Traughber v. Commonwealth, 198 Ky. 596, 249 S.W. 770; McElvene v. State, 105 Fla. 639, 142 So. 216; 42 C.J.S. Indictments & Informations § 122d, p. 1004.

■ Moreover, the law required the defendant to transfer and pay the moneys to the county treasurer. Therefore, the allegation that he failed to pay the moneys to the county treasurer was equivalent to an allegation that he failed to pay the money to the treasurer in Ada County. People v. Rogerson, 4 Utah 231, 7 P. 255, 410.

Defendant further contends that the statute under which he was charged was repealed, at least as to the bulk of the money handled by him, by a later enactment. The offense charged is defined in I.C. § 18–5701, as follows:

"Each officer of this state, or of any county, city, town or district of this state, and every other person charged with the receipt, safe keeping, transfer or disbursement of public moneys, who either:

\*     \*     \*     \*     \*     \*

"9. Wilfully omits to transfer the same when such transfer is required by law; or,

"10. Wilfully omits or refuses to pay over to any officer or person authorized by law to receive the same, any money received by him under any duty imposed by law so to pay over the same;

"Is punishable by imprisonment in the state prison for not less than one nor more than ten years, and is disqualified from holding any office in this state."

This statute was first enacted by the territorial legislature in 1864. I.C. § 18–5704 provides:

"If any clerk, justice of the peace, sheriff or constable who receives any fine or forfeiture or costs arising out of a judgment in a criminal action, refuses or neglects to pay over the same according to law, and within thirty days after the receipt thereof, such officer is guilty of a misdemeanor."

This statute was first enacted by the 12th territorial legislature in 1883 (12th S.L. p. 32).

■ Implied repeal of an earlier statute by a later one occurs only where the two are inconsistent and irreconcilable. Golconda Lead Mines v. Neill, 82 Idaho 96, 350 P.2d 221; Idaho Wool Marketing Association v. Mays, 80 Idaho 365, 330 P.2d 337; Storseth v. State, 72 Idaho 49, 236 P.2d 1004; State v. Teninty, 70 Idaho 1, 212 P.2d 412; Poston v. Hollar, 64 Idaho 322, 132 P.2d 142.

■ There is no conflict between these two statutes and they are not inconsistent. I.C. § 18–5701 defines a felony. The word "wilfully" as used therein means "knowingly" or "intentionally," and does not encompass inadvertence or mistake. State v. Parish, 79 Idaho 75, 310 P.2d 1082; State v. Johnson, 74 Idaho 269, 261 P.2d 638; In re Huston, 27 Idaho 231, 147 P. 1064. I.C. § 18–5704 defines a misdemeanor, and includes cases of inadvertence and mistake. The California district court of appeal correctly distinguished similar statutes in People v. Floyd, 78 Cal.App. 11, 247 P. 917.

■ Defendant also urges that since the bulk of the money which he failed to remit consists of fines, forfeitures and costs in criminal cases, he should have been prosecuted under I.C. § 18–5704 for a misdemeanor. This contention is without merit. The "public moneys" referred to in I.C. § 18–5701, as defined in I.C. § 18–5703, includes all of the moneys which came into the defendant's hands in his official capacity. I.C. § 31–3016 requires all fees and costs received by defendant in both civil and criminal cases to be transmitted to the county treasurer. I.C. § 19–4701 requires all fines, forfeitures and costs likewise to be remitted to the county treasurer.

■ Defendant's further contention is that the evidence was insufficient to support the verdict. Attention is called to the testimony of the auditor showing that defendant remitted moneys to the treasurer through the auditor's office as follows: January 8, 1960, $3,332.50; February 25, 1960, $1,006.00; July 21, 1960, $4,288.20; and that on July 28, 1960, defendant endorsed salary warrants totaling $2,167.61, payable to him as justice of the peace, which had been withheld by the county, and left them with the auditor for payment into the county treasury. Defendant urges that if these payments had been credited against the amount due from him to the county for the

first two quarters of 1960, the moneys due for the period in question would have been overpaid. This contention is without foundation. The further testimony of the auditor shows that the $3,332.50, remitted January 8th, was accompanied by a report of moneys collected by the defendant for the third quarter of 1959 in that amount, and was thus tendered by the defendant in settlement of that quarterly report. It was found upon auditing the report, that the amount due from defendant for the third quarter of 1959 was $1,006.00 more than was remitted. To make up this shortage, defendant remitted the $1,006.00 February 25th. The $4,288.20, remitted July 21, 1960, was tendered by defendant as payment of the amount due as shown upon the quarterly report, which he filed therewith, for the fourth quarter of 1959. Thus, the defendant represented that the three payments made by him in 1960 were moneys received by him as justice of the peace during the third and fourth quarters of 1959. From the record it is obvious that all of the $3,332.50 remitted January 8th was not received by defendant in his official capacity during the first eight days of 1960. The proceeds of his salary warrants were no part of "public moneys" referred to in the information.

■ Defendant assigns as error the refusal of the court to give his requested instruction no. 6, which is a cautionary instruction to be applied where the state's case rests entirely or substantially upon circumstantial evidence. The refusal of such instruction in this case was not error, for the reason that the evidence of the state as to defendant's failure to remit was direct, not circumstantial. The county auditor and the county treasurer both testified that no remittances were made for either of the first two quarters of 1960, and that the reports which were made by the defendant for those two quarters, and which were admitted in evidence, showed a total due from defendant to the county of $8,850.70. And defendant, in person, admitted to the auditor and to two of the county commissioners that he did not make the remittances because he did not have the money.

■■ Lastly, defendant urges error in the appointment of the special prosecuting attorney who prosecuted the action on behalf of the state. The statutory authorization of such appointment is as follows:

"(a) When there is no prosecuting attorney for the county, or when he is absent from the court, or when he has acted as counsel or attorney for a party accused in relation to the matter of which the accused stands charged, and for which he is to be tried on a criminal charge, or when he is near of kin to the party to be tried on a criminal charge, or when he has a business connection or kinship with the complainant or de-

fendant, or when he is unable to attend to his duties, the district court may, upon petition of the prosecuting attorney, by an order entered in its minutes, stating the cause therefor, appoint some suitable person to perform for the time being, or for the trial of such accused person, the duties of such prosecuting attorney, and the person so appointed has all the powers of the prosecuting attorney, while so acting as such." I.C. § 31–2603.

Upon petition of the prosecuting attorney, John T. Hawley was appointed as special prosecutor by the district court, by an order entered in its minutes stating the cause therefor. The affidavit of the prosecuting attorney, supporting the petition, alleges as a ground therefor that the prosecuting attorney and the defendant and their respective families had been close personal friends for a period exceeding six years; that the defendant and the prosecuting attorney had had business and political relations in the past; and that it would be difficult for the prosecuting attorney to conduct the trial of the case. Under the circumstances, this is a sufficient showing that the prosecuting attorney was unable to attend to his duties in this particular case. State v. Corcoran, 7 Idaho 220, 61 P. 1034. In such case, even though the appointment were defective or irregular, so far as the defendant is concerned the special prosecutor nevertheless became a de facto officer,

and his appointment, and the prosecution of the action by him, was not subject to collateral attack by the defendant, in the absence of a showing that he was denied a fair trial by reason thereof. Gasper v. District Court, 74 Idaho 388, 264 P.2d 679; 43 Am.Jur., Public Officers, § 495. We find no error.

Judgment affirmed.

KNUDSON, McQUADE, and McFADDEN, JJ., and OLIVER, D. J., concur.