# Richmond.

## ROBINSON v. COMMONWEALTH.

### February 2, 1906.

1. EMBEZZLEMENT—*Public Funds—Justice of Peace—Fines—Code, Secs. 723, 3717.*—An indictment which charges that a justice of the peace, by virtue of his office, had the custody of five dollars of the public funds of the State, which he was required to pay to the clerk of the Circuit Court of his county, and that he feloniously and knowingly did misuse and misappropriate, and feloniously and knowingly disposed of the same otherwise than by paying the same over to said clerk, in accordance with law, and concluding with a charge of larceny and embezzlement, is a sufficient indictment for a felony under section 3717 of the Code. This section is directed against the fraudulent and felonious misuse and misappropriation of public funds by an officer of the State, and the indictment in this case is under this section and not under section 723, which imposes a forfeiture upon justices of the peace who simply fail to pay over such funds within thirty days, but without such intent.

2. JURORS—*Qualifications—Opinions.*—Whether a juror is disqualified to sit or not by reason of his opinion as to the guilt or innocence of the accused must depend upon the character of that opinion as shown by the facts of the particular case. No fixed and invariable rule can be laid down on the subject, but great weight should be attached by the appellate court to the opinion of the trial judge.

3. EVIDENCE—*Relevancy—Misappropriation of Funds—Like Acts by Others.*—A justice of the peace on trial for embezzling public funds, cannot testify as to the practice of other magistrates and police officers in the neighborhood as to retaining public funds contrary to law. The fact that they violated the law would furnish no justification or excuse to him.

4. EMBEZZLEMENT—*Restoration of Funds.*—The restoration of public funds embezzled by an officer can not relate back so as to efface the prior completed crime.

5. Instructions—*Surplusage.*—It is not error to strike out of an instruction words which, though the same as found in the indictment, are mere surplusage.
6. Criminal Law—*Venue—Proofs.*—To bring a crime within the jurisdiction of a Circuit Court, it is only necessary to show that the offense was committed in the county over which the court has jurisdiction. The magisterial district need not be alleged or proved.
7. Embezzlement—*Proof of Less Sum than Charged.*—On a charge of embezzlement of a given sum it is not necessary to prove the embezzlement of the whole sum charged in the indictment.
8. Instructions—*Sufficiently Instructed.*—It is not error to refuse a proper instruction on a given point, when a correct instruction covering the same point has already been given.
9. Criminal Law—*Inaccurate Statement in Argument.*—A verdict and judgment in a criminal case will not be set aside for an incorrect statement of the law by the prosecuting attorney in the course of his argument, where it appears that the jury was correctly instructed on the law of the case, and the objectionable statement was separated and segregated from the context, and the trial judge, who heard the whole argument, certifies that the accused was not prejudiced by the language used.
10. New Trial—*Case at Bar—Evidence Sufficient to Sustain Verdict.*—The evidence in this case is sufficient to sustain the verdict of the of the jury finding the accused guilty of knowingly misusing and misappropriating public funds of the State in his custody by virtue of his office of justice of the peace.

Error to a judgment of the Circuit Court of Warwick county on a prosecution for embezzlement. To a judgment of conviction defendant assigns error.

*Affirmed.*

The opinion states the case.

*C. C. Berkeley* and *F. S. Collier,* for the plaintiff in error.

*Attorney-General William A. Anderson, Jno. B. Lightfoot, Jr.,* and *Ashby & Read,* for the Commonwealth.

Keith, P., delivered the opinion of the court.

An indictment was found in the Circuit Court of Warwick county against Charles H. Robinson, which charges that he, being a justice of the peace of Newport Magisterial District in said county, by virtue of his office aforesaid, had the custody of a certain sum of money, public funds of the State of Virginia, to-wit, the sum of five dollars, which he was required by law to pay to the clerk of the Circuit Court of the county, aforesaid, and which he "feloniously and knowingly did misuse and misappropriate  .  .  .  and did then and there feloniously and knowingly dispose of the said money and public funds otherwise than by paying the same to the clerk of the Circuit Court of Warwick county, Virginia, in accordance with law, and so the jurors aforesaid, upon their oath aforesaid, do say that the said Charles H. Robinson then and there, in manner and form aforesaid, feloniously and knowingly did steal, take, embezzle, and carry away, the said money and public funds aforesaid, to-wit, the sum of five dollars, currency of the United States, of the value of five dollars, the money and public funds of the State of Virginia.  Against the peace and dignity of the Commonwealth of Virginia."

There was a motion to quash, and a demurrer interposed to this indictment.  We deem it necessary to consider only the demurrer.

The plaintiff in error contends that the indictment is based upon section 723 of the Code, which provides:

"If any fine is received by the justice imposing it, he shall pay the same, with the cost, within thirty days thereafter, to the clerk of the Circuit Court of his county or Corporation Court of his city.  For failure to make such payment within said time, without good cause, he shall forfeit twenty dollars, which, together with the money so received, may be recovered by motion."

This statute fixes the duty of the justice. When he imposes and collects the fine, he must, by its terms, pay the same, together with the costs, within thirty days to the clerk of the court of his county or corporation; and for failure to make such payment he forfeits twenty dollars, which may be recovered from him by motion, together with the money so received. But that is not the offence with which plaintiff in error was charged. He was prosecuted under section 3717, which is as follows:

"If any officer, agent, or employee of the State or of any city, town or county, or the deputy of any such officer, having custody of public funds, knowingly misuse or misappropriate the same, or knowingly dispose thereof otherwise than in accordance with law, he shall be confined in the penitentiary not less than one nor more than ten years, and *if* any default of such officer, agent, employee, or deputy in paying over said funds to the proper authorities when required by law to do so shall be deemed *prima facie* evidence of his guilt."

The two sections are wholly dissimilar. The first refers to the failure to pay over; the second to the knowing misuse or misappropriation of the funds of the State. It is true that the detention of the money is one of the elements constituting the offense punished under section 3717, but it does not constitute the offense itself; for money may be detained without being misappropriated, which is the evil for which section 723 was designed as a remedy. But it may also be detained with fraudulent and felonious intent to misuse and misappropriate, which brings the case within the terms of section 3717.

We are of opinion that the indictment is sufficient, and that the demurrer was properly overruled.

While the jury were being selected for the trial of this case, plaintiff in error challenged one of the veniremen who had been

sworn upon his *voir dire,* and asked him if he had not at a time and place named in the question, said "Charley Robinson don't want me to sit on any jury that tries him, and would know that he is a goner if I sit on any jury that tries him." To which the juror replied that he had made such a statement, and meant that if the evidence was as strong in this case as it was in the one before the grand jury on which he sat when Robinson was indicted on a former occasion he would convict him. The grand jury here alluded to was not connected at all with this prosecution. The court then asked the juror if there was any impression on his mind made by what he had heard about the accused, or by what he had heard on the grand jury in the case referred to that would require evidence to remove it; to which he replied that there was not, but that he could give the accused a fair and impartial trial without reference to what he had heard about the accused either on the grand jury or otherwise. Thereupon the juror was received by the court, and the plaintiff in error excepted.

This subject was recently considered by this court in the case of *McCue* v. *Commonwealth,* 103 Va. 870, 49 S. E. 623, and the conclusions reached are thus stated in the syllabus: "The trend of recent decisions is in the direction of limiting rather than extending the disqualification of jurors by reason of mere opinion, hence the courts enquire into the character of that opinion. If it is a decided or substantial opinion as to the guilt or innocence of the accused, no matter upon what ground it was formed, the juror is incompetent, but if the opinion is merely hypothetical, and the court is satisfied from an examination of the juror on his *vior dire,* or otherwise, that he is not biased or prejudiced, and that he can give the prisoner a fair and impartial trial according to the law and the evidence, he should be accepted. No fixed and invariable rule can be laid

down whereby to test the competency of jurors, but each case should be determined by its own facts and circumstances, and great weight should be attached by an appellate court to the opinion of the trial judge."

Applying this principle to the case before us, we are of opinion that there was no error in the ruling of the Circuit Court.

The third assignment of error is to the exclusion of certain evidence offered by the accused.

The bill of exception is as follows: "That at the trial of this cause, after the accused had been arraigned and the jury impaneled to try the issue, and while the accused was testifyng in his behalf, relative to the reasons why he had not paid the fine and the costs, shown in the evidence, to the clerk of the court, he started to state that it was his practice and that of other magistrates and police officers down there. To further testimony along this line the Commonwealth here objected, by counsel, which objection the court sustained, to which ruling and opinion of the court in sustaining the said objection the accused by his counsel excepted, and tenders this bill of exception which he prays may be signed," etc.

If the prisoner's conduct was in accordance with the law, it did not need to be supported by the practice of others; if it was not in accordance with the law, the fact that others violated the law would furnish no justification or excuse to him. We see no merit in this assignment of error.

After the evidence was introduced, the court, at the instance of the Commonwealth, gave the jury two instructions. The first instruction is as follows:

"The court instructs the jury that a payment made to the clerk thirty days after the receipt by a justice of public funds does not excuse a crime, if any, committed because of the failure of an earlier payment."

If the crime was complete; if the prisoner had knowingly misused or misappropriated the funds of the State, his subsequent restitution of the fruits of his crime could not relate back so as to efface the wrong.

The second instruction is, "that the law requires that a justice of the peace, within thirty days after the receipt of any fine imposed by him, do pay such fine, with the cost, to the clerk of the Circuit Court of his county. And if the jury shall believe from the evidence that C. H. Robinson, while a justice of the peace for this county, received a fine of $5.00 of Charlie Sacriensce imposed by him as such justice, and instead of paying the same within thirty days after such receipt by him (Robinson) to Mr. Burnham, clerk, knowingly misused or misappropriated the same, or knowingly disposed thereof otherwise than in accordance with the law, it is the duty of the jury to find him guilty, and to fix his confinement in the penitentiary at not less than one nor more than ten years."

This instruction raises again the question considered with respect to the demurrer to the indictment. It is a correct statement of the law as set out in sections 723 and 3717, in the first of which it is made the duty of officers to pay over the fine within thirty days after its receipt, and in the last of which the knowing misuse or misappropriation of public funds is made a felony, punishable by confinement in the penitentiary for not less than one nor more than ten years..

The plaintiff in error offered certain instructions, numbered 1, 2, 3, 4 and 5, the second of which was given without objection. The fourth, as offered, is in the following words:

"The court instructs the jury, that unless they believe from the evidence that the accused knowingly misused or misappropriated, or knowingly disposed of otherwise than in accordance with law, a fine of five dollars, collected by him as justice of

the peace of Newport Magisterial District in the County of Warwick, which five dollars were funds of the State of Virginia, as alleged in the indictment, then they must find him not guilty."

The court struck out the words "Newport Magisterial District in," and to this action plaintiff in error excepted.

It is true that the words stricken from this instruction are found in the indictment, but they were not material, may be regarded as surplusage, and their rejection was not harmful. To bring the crime within the jurisdiction of the court it is only necessary to show the county in which it occurred, that county being one over which the court has jurisdiction.

Instructions 1, 3 and 5 were refused.

Instruction No. 1 made the guilt of the accused to depend upon his having misappropriated the full amount of five dollars, and would have required an acquittal, although the evidence had shown the misappropriation of a part of it.

The third instruction directed the jury to acquit, unless they found from the evidence that the accused was a justice of the peace for Newport Magisterial District, in the county of Warwick, on the 15th day of August, 1904, as alleged in the indictment; and presents the question already considered in disposing of the modification of instruction No. 4.

The fifth instruction is as follows: "The court instructs the jury, that before they can find the accused guilty of the charge alleged in the indictment they must believe that he knowingly, feloniously, and with an intent to defraud the State of Virginia, misused, misappropriated, or disposed of otherwise than in accordance with law the five dollars, or funds of the State of Virginia, as in the indictment alleged."

In legal effect, the instruction, as offered by plaintiff in error, is the equivalent of that given by the court in which the

jury were told, that to constitute the crime with which the plaintiff in error was charged, they must believe from the evidence that he, while a justice of the peace of Warwick county, had knowingly misused or misappropriated a fine imposed by him as such justice.

The next assignment of error is, that the attorney for the Commonwealth, in the course of his argument before the jury, used the following language: "That if the accused knowingly disposed of the fine or any part of the same, like keeping it and putting it in bank, otherwise than by paying it to the clerk of the court within thirty days, is a violation of the law and the accused should be convicted as charged in the indictment;" to which the accused, by counsel, objected, which objection the court, being of the opinion that the accused was not prejudiced by the words objected to, they being simply a detached part of the argument, overruled, to which ruling of the court the accused, by counsel, excepted.

As we have said in discussing another branch of the case, the detention of the money is a part, and a necessary part, of its misappropriation. Detention does not necessarily constitute misappropriation, but there could be no misuse or misappropriation without detention; though it is true that detention that continues for thirty days, standing alone, would not complete the offence under section 3717. We have found that the jury was properly directed by the court, and we cannot think that in the face of proper instructions the jury could have been misled to the prejudice of the prisoner by a remark made by the prosecuting attorney, which the court certifies was "a detached part of the argument." That is to say, we are asked to reverse the judgment of the court because a sentence, separated and segregated from its context, is an incorrect statement of the law, when the court which heard the whole address

of counsel, and was in a position to consider it, not in its dis-
jointed parts, but as a whole, certifies to us that the accused
was not prejudiced by the language used. We are of opinion
that this assignment of error should be overruled.

The last assignment of error is to the refusal of the court to
set aside the verdict as being contrary to the evidence and in
arrest of judgment.

The facts show that the plaintiff in error was a justice of
the peace for Warwick county; that he issued a warrant charg-
ing Charles Sacriensce with a misdemeanor; that on August
13, 1904, he entered judgment of conviction; that the fine im-
posed was five dollars; and that this fine had been paid to him
in his capacity as a justice of the peace. These facts appear
from the testimony of the clerk of the Circuit Court of War-
wick county, and the report sheet furnished him by the accused.
Plaintiff in error, who was sworn in his own behalf, testifies
that on Sunday, the 14th of August, Charles Sacriensce was
arrested on a warrant issued by him, and brought to the station
house, where he bailed him, charging him sixty cents for it,
that the accused put up five dollars collateral for his appearance
the next day; that he did not appear the next day and witness
had never seen or heard of him since; that witness took from
the five dollars the fees of the constable, amounting to $1.70,
and his own fees amounting to $1.00, the clerk's fees of $1.25,
and the $1.05 due the State, and that he afterwards wrote up
a mittimus for the man, and credited upon the back of the mit-
timus the $5.00 collateral; and that he deposited in bank the
$1.05 due the State and the $1.25 due the clerk. He then ten-
dered the $1.05 due the State, and stated that he was ready to
pay to the clerk anything more due- the State by him. He
stated that he had always intended to pay what he had of this
fine to the clerk, and certainly would not have made a report of

it if he had intended to steal it; that he knew better than that; that he wanted to collect the balance of the fine but Charlie Sacriensce never was found; that he never did try and convict the defendant; and that his report was wrong in showing that he fined him $5.00. At this point in the examination of Robinson, the attorney for the Commonwealth handed him a warrant, which was in the following words and figures:

"Whereas, John A. Williamson, acting chief of police of the said county, has this day made complaint and information on oath before me, C. H. Robinson, a justice of the peace of the said county, that Charlie Sacriensce of the said county, on the 14th day of August, 1904, in the said county did unlawfully create a nuisance by indecently exposing his person by bathing in a nude condition in the James River between Dawson City and Klondike of said county in the presence of divers persons, both ladies and gentlemen, against the statutes made and provided in such cases.

"These are, therefore, in the name of the Commonwealth, to command you forthwith to apprehend and bring before me, a justice of the peace of said county, the body of the said Charlie Sacriensce to answer to said complaint, and to be further dealt with according to law.

"Given under my hand and seal this 14th day of August in the year 1904.

"C. H. ROBINSON, J. P."

(Endorsed)

Commonwealth

v.

Charlie Sacriensce.

"Warrant of arrest. Executed this 14th August, 1904, by John A. Williamson.

"After hearing the evidence in the case the defendant Charlie Sacriensce was found guilty as charged in the warrant and his punishment ascertained to pay a fine of $5.00 and pay costs of the prosecution.    Costs $3.95.

"This the 15th day of August 1904.

"C. H. ROBINSON, J. P."

After showing these papers to the witness, the attorney for the Commonwealth then said to him: "You said you did not try or fine this man, and this warrant and endorsement thereon show differently, how do you account for that?   And the witness replied: "I did not mean to say I did not fine him.   I said he was not found.   That he was tried in his absence and mittimus was issued for him, but he was never found."   The witness further said that the warrant was his warrant, and he entered the judgment on the back of it that he had fined Sacriensce $5.00 and $3.95 as costs, as appeared on the warrant.

Upon this evidence, after being instructed as we have seen, the jury returned a verdict finding the plaintiff in error guilty as charged in the indictment, and fixing his punishment at one year in the penitentiary.   Upon that verdict the Circuit Court overruled a motion for a new trial and in arrest of judgment, and sentenced the prisoner, and we are of opinion that the record discloses no error.

The judgment is affirmed.

*Affirmed.*