[Crim. No. 1273. Second Appellate District, Division One.—May 11, 1926.]

## THE PEOPLE, Respondent, v. ALVA H. FLOYD, Appellant.

[1] CRIMINAL LAW—WEIGHT OF EVIDENCE—PROVINCE OF JURY—APPEAL.—The only power possessed and properly assumed by an appellate court in connection with the facts presented on the trial of a criminal action is that of determining whether such facts are sufficient to justify the conclusion reached by the jury; and for that court to attempt to weigh the evidence and to determine therefrom whether it preponderated in favor of the prosecution or the defendant would be a clear usurpation of the functions of the jury.

[2] ID.—POWER TO ASSESS FINE—IMPLIED AUTHORITY TO COLLECT.—A magistrate vested by the terms of a statute with express power to assess a fine, in the absence of any provision by which any other person or officers is empowered to collect or to receive it, is necessarily clothed with the implied authority to make effective the original power conferred upon him.

[3] ID. — CITY RECORDER — DUTY TO COLLECT FINES — PAYMENT INTO TREASURY—By virtue of the provisions of sections 882, 883, and 885 of the Municipal Corporation Act, sections 1457· and 1570 of the Penal Code, section 160 of the California Vehicle Act, and section 187 of the Code of Civil Procedure, it is the duty of a recorder of a city of the sixth class not only to assess fines

---

1. See 8 Cal. Jur. 582; 2 R. C. L. 194.

against defendants convicted of violations of the California Vehicle Act, but as well to receive the payment thereof and thereafter to pay the same into the city treasury.

[4] ID. — EMBEZZLEMENT OF FINES COLLECTED — EVIDENCE — DOCKETS AND CASH-BOOKS—ADMISSIONS.—In a prosecution of a city recorder for embezzling funds collected for violations of the California Vehicle Act, and for destroying and mutilating public records, it is not error for the trial court to admit in evidence certain cash-books and dockets kept by defendant, where the dockets in question are such as are required by law, and the facts supporting the conclusion that the several books were kept by defendant personally or under his direction are fully presented, and defendant as a witness in his own behalf admits on cross-examination the necessary foundational facts; and it is not indispensable that the cash-books were kept in pursuance of any statutory requirement; and if they were private memoranda containing statements or figures in the nature of admissions against interest, they are as admissible as would be any other memoranda of a similar nature made by defendant.

[5] ID. — PROOF OF PROCEEDINGS — ORAL EVIDENCE. — In such prosecution, in proving the proceedings before the defendant, the prosecution is not limited to the record kept by defendant in his docket, but may prove the proceedings by oral evidence.

[6] ID.—FELONIOUS APPROPRIATION OF FINES—EMBEZZLEMENT.—Where a recorder of a city of the sixth class, instead of paying into the city treasury moneys collected for violations of the California Vehicle Act, fraudulently appropriates the same with felonious intent, he may be prosecuted for embezzlement under section 504 of the Penal Code.

[7] ID.—EVIDENCE—FORMAL INTRODUCTION OF DOCKET.—In a prosecution of a city recorder for embezzling funds collected for violations of the California Vehicle Act, and for destroying and mutilating public records, the judgment of conviction of the latter charge will not be reversed on appeal because of the failure of the prosecution to formally introduce in evidence a mutilated docket, where such docket was properly identified, and no valid objection could have been made to its formal reception in evidence, and it was treated by all parties as having been properly introduced.

[8] ID. — REFRESHING RECOLLECTION — FORMER TESTIMONY. — In this prosecution, the defendant was not prejudiced by the action of the trial court in permitting the district attorney, over the objections of defendant, to refresh the recollection of certain witnesses by showing to each of them respectively a transcript of his testimony before the grand jury.

8.  See 27 Cal. Jur. 86.

[9] ID.—DEFECTIVE MEMORY—FORMER STATEMENTS—EVIDENCE.—Under section 2049 of the Code of Civil Procedure, the jury may be shown the fact that one's own witness has not testified in accordance with statements theretofore made by him; but if by reason of a defective memory a witness fails to testify in accordance with the expectations of the party by whom he is called and gives no positive testimony against such party, it is not permissible to prove former statements made by such witness which, if made by the witness on the trial of the action, would tend to establish the case of the party calling him.

(1) 17 C. J., p. 255, n. 52.   (2, 3) 25 C. J., p. 1154, n. 16.   (4) 16 C. J., p. 626, n. 80, p. 739, n. 86.   (5) 16 C. J., p. 615, n. 68 New. (6) 16 C. J., p. 151, n. 64; 20 C. J., p. 432, n. 49, p. 454, n. 22.   (7) 17 C. J., p. 308, n. 57 New.   (8) 17 C. J., p. 56, n. 16; 40 Cyc., p. 2467, n. 84, 86.   (9) 17 C. J., p. 56, n. 16, p. 309, n. 85 New; 40 Cyc., p. 2467, n. 84, 86.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Charles S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. C. Hunting for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant was convicted on each of seven counts contained in two indictments which charged him with the crime of embezzlement of public funds while acting as recorder of Culver City. Under additional counts of one of such indictments he was also convicted on each of two counts which charged him with the destruction and mutilation of public records; also on each of four counts therein which charged him with the crime of falsifying a public record. Defendant appeals from the judgment rendered by the trial court on a verdict of conviction as to each of such counts, as well as from the order of the trial court denying his motion for a new trial thereon.

9.   See 27 Cal. Jur. 173; 28 R. C. L. 646.

[1] The first point made by appellant for reversal of the judgment as to each count of the indictments on which he was convicted is that the verdict was "contrary to and against the weight of the evidence." For this court to attempt to weigh the evidence adduced on the trial of the action and to determine therefrom whether it preponderated in favor of the prosecution or of the defendant would be a clear usurpation of the functions of the jury, which body is exclusively charged with the performance of a duty, which, were the suggestions of the appellant to be adopted, would thrust it upon a tribunal wholly unacquainted with the facts except as they may appear in cold type, utterly divested of the illuminating circumstances and conditions surrounding the receipt of the evidence by the trial court. The only power possessed and properly assumed by an appellate court in connection with the facts presented on the trial of an action is that of determining whether such facts are sufficient to justify the conclusion reached by the jury; and while such particular question *is* only *inferentially* suggested by the point presented herein by appellant, in passing it may be said that as to each count on which defendant was convicted, this court has examined not only the admitted statements of respective counsel with reference thereto, but, wherever necessary or advisable, has also inspected the reporter's transcript of the evidence and after a consideration thereof is convinced that the jury was fully warranted in its several conclusions as expressed in its verdict.

[2] With reference to the crime of embezzlement of which defendant was convicted, it is urged by appellant that, considering the fact that the offense was committed by defendant while acting in the capacity of recorder of a city of the sixth class of this state, there is no rule of law which makes it the official duty of such officer to collect or handle moneys belonging to the city of such class. It appears that the moneys alleged to have been embezzled by defendant came into his possession as recorder of Culver City and were derived from the fines imposed by defendant in his judicial capacity of recorder for violations of different provisions of the California Vehicle Act. (Stats. 1923, p. 517.) General powers and duties of a recorder are prescribed by sections 882, 883, and 885 of the Municipal Corporation Act

(Stats. 1883, p. 93, as variously amended; Deering's Gen. Laws, 1923 ed., Act 5233), which include the provisions that the recorder shall be judge of the recorder's court and shall have the powers and perform the duties of a magistrate, and that "every officer collecting or receiving any moneys belonging to or for the use of such city or town, shall settle for the same on the first Monday in the month and immediately pay the same into the treasury," etc.

Sections 1457 and 1570 of the Penal Code provide in substance that all forfeitures and fines collected in any court for the violation of any city or town ordinance shall be paid into the city treasury. In addition thereto, and as possibly applying to the facts of the instant case, section 160 of the California Vehicle Act (*supra*) provides that:

"All fines or forfeitures collected upon conviction or upon the forfeiture of bail of any person charged with a violation of any of the provisions of this act constituting a misdemeanor following an arrest of such person by any officer employed by a city, shall be paid into the city treasury . . . All fines or forfeitures collected upon conviction for violation of any of the provisions of this act following arrest by any officer employed by the state or by a county or city and county and whether collected by a justice of the peace, police court, city recorder's court, city justice of the peace or otherwise shall be paid to the treasurer of the county or incorporated city and county in which the court is held and said moneys shall belong to such counties and cities and counties respectively, . . . " (Stats. 1923, p. 570; Deering's Gen. Laws, 1923 ed., Act 5128.)

It is conceded by appellant that the recorder's court over which defendant presided had jurisdiction to assess fines against persons convicted of violations of the California Vehicle Act; but, as heretofore stated, he contends that there was no fiduciary or official duty resting upon defendant as such recorder relative to the collection, care, or custody of such fines or funds derived therefrom, and cites authorities to sustain such general position assumed by him.

It would seem clear that a magistrate vested by the terms of a statute with express power to assess a fine, in the absence of any provision by which any other person or officer is empowered to collect or to receive it, is necessarily clothed with the implied authority to make effective the

original power conferred upon him. Otherwise the law as affecting the infliction of punishment by way of monetary assessments for violations thereof would be impotent and utterly inoperative. That no such result as that just indicated is contemplated in the law is manifest from a consideration of section 187 of the Code of Civil Procedure, which provides that "When jurisdiction is, by the Constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code." [3] We are therefore of the opinion that by virtue of the provisions of the several statutes to which reference has been had it became and was the official duty of defendant as such recorder not only to assess fines against defendants convicted of violations of the California Vehicle Act, but as well to receive the payment thereof and thereafter to pay the same into the treasury.

[4] Complaint is also made by appellant that the trial court erred in admitting in evidence, over defendant's objections, certain cash-books and dockets kept by defendant, without a proper foundation for the admission thereof having first been laid by establishing the fact that they were a "book account," or kept by defendant or under his direction or supervision, pursuant to official duty prescribed by law. That the dockets kept by defendant in substance were such as were required by law and consequently were within the inhibitions of the statute regarding the mutilation and the falsification of such documents appears to have been satisfactorily established. The facts supporting the conclusion that the several books were either kept by defendant personally or under his direction were also fully presented. Moreover, defendant as a witness in his own behalf admitted on cross-examination the necessary foundational facts. It was not indispensable that the cash-books were kept in pursuance of any statutory requirement. No question is raised as to the relevancy of the contents of either or of any of the books in question. If they were private memoranda containing statements or figures in the

nature of admissions against interest, they were as admissible as would be any other memoranda of a similar nature made by defendant. We therefore perceive no error committed by the trial court in admitting the several books in evidence.

[5] Intimately connected with the admission in evidence of the dockets to which reference has just been had was the further admission in evidence, over defendant's objection, of oral statements of several different witnesses in contradiction of various statements and figures contained within the dockets. In this respect it is contended by appellant that the trial court erred to defendant's prejudice; and authorities are cited by him to sustain the position that proceedings before a justice of the peace or other officer keeping a record of his official action, must be shown by such record or by an authenticated copy thereof. It may be conceded that no criticism may properly be indulged as against such a general rule, especially as between or among civil litigants; but it should be remembered that in the instant case the defendant was charged with a criminal offense or offenses which in their proof alleged false entries made in such dockets either by the defendant himself or under his direction or supervision. For example, as to one of the offenses of which defendant was convicted, the docket entry showed that a convicted violator of one of the provisions of the California Vehicle Act was fined the sum of $50, for which amount the defendant herein as recorder accounted and paid to the treasurer of Culver City. The testimony given by several witnesses, however, proved to the apparent satisfaction of the jury that instead of a $50 fine, a fine of $250 was imposed by defendant herein upon the convicted violator of the California Vehicle Act, and that such fine of $250 was paid to the defendant as such recorder. It would be a sad commentary on the state of the law which would admit of the proposition that a person situated as was the defendant herein might embezzle public funds, make false entries in his official docket with reference thereto, and thereafter by virtue of a rule of procedure be enabled to screen himself from successful prosecution. This court is not prepared to subscribe to any such doctrine. Surely, such a rule could not be in the interest of justice; and if in some jurisdictions such procedure may possibly appear to

be sanctioned, it may be said that, so far as this state is concerned, no decision has been cited to the effect for which appellant contends. This court knows of none such. Certainly, if it exist, it is timely that as applied to the conditions and circumstances as shown by the evidence in the instant case, the rule should be abrogated or at least modified so as to permit the introduction of evidence for the purpose of establishing the facts and rendering complete justice in the premises.

[6] The further point advanced by appellant as ground for reversal of the several judgments affecting the charge of embezzlement in substance is that the court in which defendant was tried was without jurisdiction of the offense for the reason that section 427 of the Penal Code provides that: "If any clerk, justice of the peace, sheriff, or constable, who receives any fine or forfeitures, refuses or neglects to pay over the same according to law and within thirty days after the receipt thereof, he is guilty of a *misdemeanor*."

As to the embezzlement counts of the two indictments against defendant, he was prosecuted under the provisions of section 504 of the Penal Code, which provides as follows:

"Every officer of this state, or of any county, city, city and county, or other municipal corporation or subdivision thereof, and every deputy, clerk, or servant of any such officer and every officer, director, trustee, clerk, servant, or agent of any association, society, or corporation (public or private), who fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust, any property which he has in his possession or under his control by virtue of his trust, or secretes it with the fraudulent intent to appropriate it to such use or purpose, is guilty of embezzlement."

Considering section 427 of the Penal Code under which it is appellant's contention that any prosecution for any alleged offense by him committed should have been as for a *misdemeanor*, it will be noted that the act against which the inhibition of the statute is directed is for either the *refusal* or the *neglect* of the officer who receives the fine or forfeiture "to pay over the same according to law and within thirty days after the receipt thereof." It may easily be imagined that for the statutory period any conscientious officer might, through sheer neglect, fail to render account as

by the law required, or that an honest, though stubborn, official, or one honestly mistaken in his legal rights (*County of Los Angeles* v. *City of Los Angeles*, 65 Cal. 476 [4 Pac. 453]), might refuse to do so without having the least intention of unlawfully appropriating any moneys to his own use. For such an offense the statute fixes his guilt as that of a misdemeanor; but where, as provided by section 504 of the Penal Code, the officer "fraudulently appropriates . . . any property which he has in his possession or under his control by virtue of his trust, . . . " an entirely different offense is committed, to wit, embezzlement, which carries with it as a necessary element thereof the felonious or fraudulent intent of the person or officer making such appropriation. (Sec. 503, Pen. Code; *People* v. *Dillon*, 199 Cal. 1 [248 Pac. 230], and cases there cited.) The feature distinguishing between the offense for the punishment of which provision is made by section 427 of the Penal Code and the crime defined in section 504 of the Penal Code is clearly that of felonious intent and fraudulent appropriation, both of which may be wholly lacking in the former, but are necessarily included within the latter statute. (*Robinson* v. *Commonwealth*, 104 Va. 888 [52 S. E. 690] ; *Britton* v. *State*, 77 Ala. 202.) It follows that appellant's contention cannot be sustained.

Because of certain argument presented by the respondent to the effect that under the provisions of the California Vehicle Act (*supra*) it became the duty of the defendant as recorder to pay over all the fines collected by him to the treasurer of Culver City, appellant now urges that if as a matter of law respondent is right in such contention it would follow that defendant should have been prosecuted, not under the provisions of section 504 of the Penal Code, but that the prosecution of the defendant, if at all, should have been pursued under the provision of subdivision 7 of section 424 of the Penal Code, which in substance covers an embezzlement by a public officer for a wilful omission or refusal by him "to pay over to any officer or person authorized by law to receive the same any money received by him under any duty imposed by law so to pay over the same." (*People* v. *Westlake*, 124 Cal. 452 [57 Pac. 465].)

As affecting the several charges of embezzlement against defendant, it is conceded that the indictments herein are drawn under the provisions of section 504 of the Penal

Code. Embezzlement, whether charged under either section 424 or section 504 of the Penal Code, is "the fraudulent appropriation of property by a person to whom it has been entrusted." (Sec. 503, Pen. Code; *People* v. *Dillon,* 199 Cal. 1 [248 Pac. 230].)

The gist of the several charges of embezzlement set forth in the several counts of the indictments herein against defendant is that as an officer of Culver City he came into the possession of certain money which he held in trust for said city and which money the defendant thereafter feloniously appropriated to his own use. Neither the element of wilful omission nor neglect to pay the same over to the person entitled thereto, as specified in subdivision 7 of section 424 of the Penal Code, was necessarily present in the case, excepting possibly that wilful omission to do so might be impliedly included in the fraudulent intent and the felonious appropriation of the money by defendant. The proof of the fact that it was a duty resting on the defendant to pay the fines collected by him into the treasury was a necessary incident for the purpose of showing that the moneys so collected by defendant were held in trust by him for the benefit of Culver City. Without deciding that a prosecution for an offense of the nature of that herein involved would be improper under the provisions of subdivision 7 of section 424 of the Penal Code, no sufficient reason has been suggested, nor do we know of any, why the prosecution of defendant herein under the provisions of section 504 of the Penal Code was inappropriate. The moneys in question, in the language of section 504 of the Penal Code, having been shown to have been in defendant's "possession or under his control by virtue of his trust," and that he fraudulently appropriated the same to a "use or purpose not in the due and lawful execution of his trust," clearly present facts which make applicable the provisions of the section of the code under which defendant was prosecuted.

[7] By one of the counts of one of the indictments defendant was charged with the mutilation of a certain docket kept by him. Although such docket was properly identified, appellant complains that it was never formally introduced in evidence. An inspection of the record on appeal discloses the fact that, while the matter of the introduction of the docket was not made as clearly and as definitely as

might have been desirable, nevertheless, in the course of a *résumé* among the court and respective counsel as to what exhibits had been introduced in evidence, the docket in question was mentioned by the deputy district attorney as one which had been so introduced, without any objection to such statement being made by counsel representing defendant, or without any correction or modification of such statement being at any time thereafter suggested. Apparently no valid objection could have been raised to the formal reception in evidence of the docket, and as it was treated by all parties as having been properly introduced, we think appellant should not now be heard to complain.

[8] It is finally contended by appellant that prejudicial error was committed by the trial court in permitting the district attorney, over the objections of defendant, to refresh the recollection of certain witnesses by showing to each of them respectively a transcript of his testimony given before the grand jury. As to the first and the fourth of such specifications, it appears that in neither case was the memory of the witness refreshed by having shown to him a transcript of his former testimony. No evidence resulted from the attempt to so refresh the memory of the witness, nor was any part of such former testimony read to the jury. The facts were otherwise as to the second and third of such specifications, in that by the procedure followed by the district attorney, the memory of the witness was not only refreshed thereby as to a part of his testimony, but, in addition thereto, some of such testimony was read to the witness in the presence of the jury. As to the fifth of such specifications, no objection appears to have been made by the defendant to the course adopted by the district attorney; nor does it appear either that the memory of the witness was refreshed, or that anything in relation thereto was read to the jury. As to both the sixth and seventh of such specifications, although the former testimony of the witness was read aloud in the presence of the jury, no objection thereto was made by the defendant. Regarding the eighth of such specifications, there is nothing to indicate that the memory of the witness was at all refreshed. No formal objection was made by defendant, nor was any part of the testimony of the witness read to the jury.

[9] Statutory authority exists in section 2049 of the Code of Civil Procedure for showing to the jury the fact that one's own witness has not testified in accordance with statements theretofore made by him—the section referred to providing in substance that "the party producing a witness . . . may contradict him by other evidence, and may also show that he has made at other times statements inconsistent with his present testimony, . . . "

In the instant case no suggestion is made which would indicate either that the prosecution was not misled by the statement made by the witness, or that there was no reasonable ground for believing that the testimony which would be given by the witness would be favorable to the cause of the prosecution. With the exceptions of the second and the third of such specifications, the circumstances and the facts with reference to each of the other several specifications of error, as heretofore set forth herein, being considered, the following authorities would indicate that no error was committed in the course pursued by the trial court in connection therewith: *People* v. *Bushton,* 80 Cal. 160 [22 Pac. 127, 549]; *People* v. *Ross,* 115 Cal. 233 [46 Pac. 1059]; *People* v. *Durrant,* 116 Cal. 179, 214 [48 Pac. 75]; *People* v. *Deckert,* 77 Cal. App. 146 [246 Pac. 157]. In the case of *People* v. *Selby,* 198 Cal. 426 [245 Pac. 426], it is held (syllabus) that where a witness for the prosecution on direct examination admitted a variance between her testimony before the grand jury and that given upon the trial, the prosecution had the right to present to the witness, for the purpose of refreshing her memory, a transcript of her testimony taken before the grand jury and ask her if she so testified.

It also appears to be the rule that if by reason of a defective memory a witness fails to testify in accordance with the expectations of the party by whom he is called and gives no positive testimony against such party, it is not permissible to prove former statements made by such witness which, if made by the witness on the trial of the action, would tend to establish the case of the party calling him. (*People* v. *Creeks,* 141 Cal. 529 [75 Pac. 101]; *People* v. *Follette,* 74 Cal. App. 178 [240 Pac. 502], and authorities there cited.) In each of the said second and third specifications an inspection of the reporter's transcript shows that the

witness failed to remember certain material facts to which he had testified when a witness before the grand jury; that in the presence of the trial jury excerpts from such testimony were read to the witness, but that in each case no change of any consequence occurred as between the testimony which was given by the witness on the trial and that which was given by him when he appeared before the grand jury. It is therefore apparent that as to each of such last-mentioned specifications, while an erroneous course was pursued by the district attorney, the error was non-prejudicial to defendant's substantial rights.

So far as we are able to determine, the defendant was accorded a fair trial.

The judgment and the order denying the defendant's motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.