[Civ. No. 8937. Second Appellate District, Division One.—March 6, 1935.]

ROLAND W. HINE, Respondent, v. O. D. LEPPARD et al., Appellants.

W. I. Gilbert for Appellants.

John B. Haas and John D. Home for Respondent.

EDMONDS, J., *pro tem.*—Plaintiff had judgment for personal injuries and the value of his automobile. The defendants' principal point on appeal is that the evidence shows that plaintiff was guilty of contributory negligence as a matter of law.

The accident sued upon resulted from an automobile which plaintiff was driving being driven into the rear end of a truck owned by one defendant and being operated by the other. The collision occurred between 2 and 3 o'clock in the morning on a straight paved highway 20 feet wide 25 or 30 miles north of Brawley. Though dark at the time of the accident, the atmosphere was clear.

The highway was slightly upgrade in the direction in which the truck carrying a load of lettuce was traveling. Shortly before it reached the scene of the accident the vacuum tank went dry and the engine began to die. The driver made no effort to pull off to the side of the highway, but stopped on the paved portion with the right-hand wheels approximately two feet from the right-hand edge of the pavement. He then got off the truck to get some gasoline from the reservoir tank, and while on the ground looked to the rear and observed the plaintiff's car approaching. According to his testimony, all of the lights on the truck were lighted at that time. He made no effort to warn the driver of the oncoming car, which crashed into the stalled truck. The impact drove the truck forward 3 or 4 feet and both vehicles caught fire.

Plaintiff testified that just before the accident occurred he was traveling between 35 and 40 miles per hour. He saw a car approaching at a distance which he estimated to be one-quarter of a mile, and dimmed his lights, or, to describe it more correctly, changed their focus so that the rays were lowered. At that time he was 200 feet from the truck with which he collided and the three vehicles were the only ones in the immediate vicinity. With the changed focus of the lights he could see 50 feet ahead of his car and he continued to drive at the same rate of speed.

Further relating what occurred, he said that suddenly an object loomed up in front which at first seemed to be a pile of rocks or a house on the side of the road; that he was 40 feet away when he first noticed it; that he was not sure in the few seconds that followed what it was, until his lights "took it in full"; then he realized it was something that was on the highway. He applied both foot and emergency brakes, but could not avoid the collision.

The driver of the oncoming car stated that he saw the truck burst into flame when he "was about a half a mile or so" from it. Whatever the exact distance the accident did not occur when this car and plaintiff's car were passing, or even closely approaching. He testified that he did not see any light on the truck, and the driver of the car coming from the opposite direction testified that the headlights of the truck were not burning as he approached it. This testimony was in direct conflict with that of the truck driver, who testified that all of the lights on the truck were lighted at the time of the accident. The driver explained the mechanism of the lights was such that none could burn unless all were lighted; if the headlights of the truck were lighted the tail-light was lighted. However, the condition of the tail-light immediately before the accident was a matter of dispute, and there is ample evidence to support the finding of the trial court that the truck was not lighted at the time of the accident.

██ Under this evidence a court cannot say that the plaintiff was guilty of contributory negligence as a matter of law. The accident may have been caused by the failure of the truck to display a warning light to the rear, rather than by the shortened focus of the headlights on the plaintiff's automobile. The California Vehicle Act (Deering's

Gen. Laws, 1931 ed., Act 5128, sec. 106), required the truck to "carry at the rear a lighted lamp exhibiting a red light plainly visible under normal atmospheric conditions for a distance of five hundred feet toward the rear . . . " Had the truck displayed such a light the plaintiff might have seen it in time to have avoided the collision. It was not necessary for him to have stopped. Had he seen the truck in time he could have gone around it. The issue of contributory negligence was, therefore, one of fact and not of law.

As was pointed out in *Gammon* v. *Wales,* 115 Cal. App. 133 [300 Pac. 988] : "The law is well settled that the question of contributory negligence, like that of negligence, is a question for the jury, and only when the facts are clear and undisputed, and when no other inference than that of negligence or contributory negligence can be drawn from such facts, is the court authorized to withdraw the question from the consideration of the jury." That also was a case where an automobile collided with a truck and the court held: "The only possible theory upon which contributory negligence might be charged against plaintiff would be that he should have, as a reasonable person, seen, by means of the lights of his own car, the parked truck in the road ahead of him in time to have avoided the collision. This, of course, as we have already stated, was a question of fact to be submitted to the jury, under proper instructions, and is in no sense a question of law as urged by defendants. . . . In *Philadelphia & R. Ry. Co.* v. *Dillon,* 1 W. W. Harr (Del.) 247 [15 A. L. R. 894, 114 Atl. 62], it is said: 'A traveler on a highway by day or night may expect that it will not be obstructed unlawfully or in such manner as to cause him injury while he himself is in the exercise of due and reasonable care and *what is such care depends on the circumstances of each case.*' " See, also, *Smarda* v. *Fruit Growers' Supply Co.,* 1 Cal. App. (2d) 265 [36 Pac. (2d) 701].

Appellants assert that the plaintiff had no right to assume that the road was clear. ■ The duty of an automobile driver in this regard is that he must "anticipate that he may meet persons at any point of the street and he must, in order to avoid the charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another person using proper care and caution and if the situation requires, he must slow up and stop. (*Reaugh* v. *Cudahy Packing*

*Co.,* 189 Cal. 335, 340 [208 Pac. 125, 127].)'' (*Rush* v. *Lagomarsino,* 196 Cal. 308, 317 [237 Pac. 1066].)

Those whom he must anticipate meeting are, it will be noticed, persons using proper care and caution. "While himself exercising ordinary care he had the right to presume that the street in front of him would not be obstructed unlawfully, or in such manner as to cause him injury." (*Smyth* v. *Harris & Devine,* 3 Cal. App. (2d) 862 [38 Pac. (2d) 862].) ▮ The driver of a stalled truck on a highway who allows it to remain there without lights not only fails to use proper care and caution, but is also violating California Vehicle Act, section 136, *supra,* if the vehicle is not disabled. Whether or not the driver could have run the truck off of the highway before it stopped was a question of fact which was decided adversely to the defendants, and there is evidence to support the findings of the trial court.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 1, 1935, and the following opinion then rendered thereon:

THE COURT. — On petition for rehearing. Petitioner says: "The point which appellants make here, as a basis for rehearing is that, as a condition precedent, to appellants' liability, it became the duty of the trial court, as well as it becomes the duty of this court, to determine whether or not, at the time and place of the accident, respondent was operating his automobile forward with his headlights in a defective condition, or that he so operated his headlights that they failed to comply with the statutory requirements expressly provided by the California Vehicle Act in force and effect at the time of the accident, to-wit, January 25th, 1931."

The lights of plaintiff's automobile were not shown to have been other than such as the law requires. They were not, as to any element of their construction, in a defective condition. In section 101 of the California Vehicle Act, following paragraph 7, it is "provided, it shall be lawful, when the above requirements and limitations are otherwise

complied with, to so construct or equip the headlights of motor vehicles as to permit that the beams of light projected therefrom be depressed downward not more than three degrees of arc below the level otherwise required under this section but without diminishing the amount of light projected from the lamp bulb when so depressed''.

If there was any fault chargeable to plaintiff in this case, it must have been a fault consisting in some misuse of the lights. If under the then existing circumstances he did not use reasonable care in choosing the time, place and duration of his lowering of the lights, he would be guilty of negligence. This was a question of fact, upon which the decision of the court is reflected in the findings. Since the evidence is sufficient to support these findings, they must stand as made.

The petition for rehearing is denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1935.