[Civ. No. 7390. Third Dist. June 2, 1948.]

SADIE ANTHONY et al., Appellants, v. DON G. HOBBIE, Respondent.

J. Oscar Goldstein, P. M. Barceloux and Burton J. Goldstein for Appellants.

Rich, Weis, Carlin & Fuidge and Richard H. Fuidge for Respondent.

PEEK, J.—This is an appeal by plaintiffs from a judgment entered pursuant to a jury verdict in favor of defendant in an action for the alleged wrongful death of the husband and father of plaintiffs respectively. On a former appeal a directed verdict for the defendant was reversed. (*Anthony* v. *Hobbie,* 25 Cal.2d 814 [155 P.2d 826].)

By their complaint plaintiffs allege generally that decedent's death resulted from the negligent operation of defendant's automobile. Defendant answered denying generally the allegations of the complaint and affirmatively charging that deceased was contributorily negligent. The jury rendered a verdict in favor of defendant and from the judgment entered in accordance therewith plaintiffs have appealed. Three contentions are made by plaintiffs (1) the evidence is insufficient as a matter of law to support the judgment; (2) the trial court committed prejudicial error in unduly restricting examination of an alleged hostile witness called by plaintiffs, and (3) the jury was misdirected to the prejudice of plaintiffs.

By virtue of plaintiffs' first contention we have examined the entire record which, summarized in the light most favorable to respondent, discloses that approximately at the hour of 1:30 a.m. on the night of January 31, 1941, the decedent was struck and fatally injured by a car operated by the defendant. The accident occurred on Highway 99E at a point a few miles north of the town of Wheatland, California. According to defendant, who was called by plaintiffs under section 2055 of the Code of Civil Procedure, he and three companions had consumed several drinks of intoxicating liquor during the evening preceding the accident. Shortly

prior to the accident their car had run out of gas and defendant flagged a motorist who took him to Marysville where he made arrangements to have gasoline taken to the stalled car. After refilling the car he proceeded north toward Marysville followed by the service car. Nearing the point of the accident defendant noticed a car with headlights burning in the ditch at the side of the road, and the next instant noticed deceased standing in the highway 75 or 100 feet ahead of defendant's car. He described deceased as being bent over in a peculiar fashion, not looking at the oncoming car and staggering across the highway, and just before the impact staggered across the center white line directly in front of defendant's car. The car was then traveling at approximately 50 miles per hour and struck decedent with its left front fender. The point of impact was about 3 feet east of the center line of the highway and in defendant's lane.

Mr. Muller, the Marysville garage attendant who took the gasoline to defendant's stalled car, testified that he followed defendant for several miles during which time defendant maintained a constant speed of 50 miles per hour. He did not see decedent on the highway prior to the accident. Muller's son corroborated the testimony of his father.

Officer Williams of the highway patrol testified concerning physical facts at the scene of the accident and that defendant appeared sober when he talked to him.

Inez Hansen, the decedent's companion, was called by plaintiffs and testified that during the course of their trip that day to Stockton and return they had stopped at various bars for drinks and she was in the act of turning her car around and returning to Wheatland for more drinks when the car became mired in the ditch. Her answer to questions relating to further facts prior to and at the time of the accident was that she could not remember, and forms the basis of one of plaintiffs' alleged grounds for reversal.

Defendant read into evidence the testimony of one Jean Wilson who appeared as a witness at the first trial but was unavailable at the second. Preceding the accident this witness was driving her car north on Highway 99E ahead of the Hobbie car. She saw the deceased standing in her lane of the highway waving his arms and leaning over sideways. To avoid him she was compelled to drive around him to her left and stated that had she not been driving slowly she would have hit him.

The evidence which appellants cite in support of their first contention: that defendant was charged with a duty to anticipate the presence of persons on the highway, of keeping a vigilant lookout and of keeping his car under such control as to avoid striking such persons, and therefore as a matter of law defendant was guilty of negligence, shows that defendant saw the automobile in which the decedent had been riding in the ditch at the side of the road, which appellants observe should have warned him he could reasonably expect the presence of persons on the highway; that he looked away from the road to observe the car and talked to his companion about it; that when he looked back on the road he saw decedent about 75 or 100 feet in front of him on the west side of the center line waving his arms; that he was then traveling about 50 miles per hour and just as he applied his brakes he struck decedent a few feet to the east side of the center line.

Respondent in answer to such contention relies upon the rule that a driver of a vehicle is required to use only reasonable care in anticipating the presence of pedestrians on the highway (*Hine* v. *Leppard,* 5 Cal.App.2d 154 [42 P.2d 389, 43 P.2d 595]; *Burk* v. *Extrafine Bread Bakery,* 208 Cal. 105 [280 P. 522]) and that in any event such question was one of fact for the jury (*Anthony* v. *Hobbie, supra*).

It is true, as appellants state, that on the former appeal it was held that such evidence was some evidence which if taken alone would support a judgment for the plaintiffs and for that reason it was error for the trial court to direct a verdict for the defendant. But it does not follow, as contended by appellants, that as the evidence on the second trial was substantially the same as on the first therefore the judgment must be in favor of the plaintiffs, for, as the court there stated at pages 817-18: ''The issues of negligence and proximate cause are essentially questions of fact.''

Assuming that there is substantial or even a preponderance of evidence which would support a finding of negligence on the part of the defendant, nevertheless by reason of the conflict in the evidence and the varying inferences which might be drawn therefrom, the question must be held to have been conclusively resolved in favor of the defendant by the jury, whose province it was to decide such question of fact. Under such circumstances the rule as stated in *Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427-429 [45 P.2d 183], is particularly apropos: that the power of an appellate court ''begins and ends with a determination as to whether there is any substan-

tial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court."

Appellants next contend that the trial court committed error in unduly restricting the examination of their witness Inez Hansen. In this regard it is contended that she was an indispensable witness for the proper presentation of their case because she possessed material and determinative knowledge which no other witness could supply and for the reason that failure to produce her would have impaired the weight of their evidence and permitted the jury to have drawn inferences unfavorable to them.

The record shows that this witness was driving the car in which decedent had been riding, and was sitting in the car when the decedent was struck and killed. When called as a witness she testified somewhat sketchily to matters occurring prior to the accident but claimed that she remembered nothing of the facts of the accident. Thereupon counsel for appellants attempted to impeach her testimony by means of the transcript of the coroner's inquest wherein it appeared she testified favorably to the plaintiffs' case. Defendant's objection to the proposed impeachment was sustained by the trial court.

Subject to certain exceptions which are immaterial here, it is the well settled rule in California that a party may not impeach his own witness unless surprised by hostile testimony. (*Zipperlen* v. *Southern Pacific Co.*, 7 Cal.App. 206 [93 P. 1049] ; *Estate of Dolbeer*, 153 Cal. 652 [96 P. 266, 15 Ann.Cas. 207] ; *People* v. *Flores*, 37 Cal.App.2d 282 [99 P.2d 326].) In the present case, the witness did not give unfavorable testimony but merely stated that she did not remember the facts of the accident. Furthermore the lack of surprise in the present case would seem to be indicated by the fact that this witness testified in the same manner on the first trial. (See *Anthony* v. *Hobbie, supra*.) In addition during a conversation with one of plaintiffs' counsel a few days prior to the trial she told him she could remember nothing concerning the actual accident and would so testify if called as a witness. Under such circumstances the case comes within the rule of such cases as *People* v. *Jaggers*, 120 Cal.App. 733 [8 P.2d 206] ; *Estate of De Laveaga*, 165 Cal. 607 [133 P. 307] ; *People* v. *Floyd*, 78 Cal.App. 11 [247 P. 917], holding that

where a witness merely states that he does not remember he cannot be impeached by the showing of former statements regarding the facts which he claims not to have remembered. In any event the introduction of such prior statements would be of no value as affirmative evidence of the facts stated but would only serve to impeach the statement that the witness does not now remember. Thus there would be no introduction of any positive evidence by the admission of the former statements concerning the facts of the accident. (*First Nat. Bank* v. *DeMoulin,* 56 Cal.App. 313 [205 P. 92].)

Inasmuch as it cannot be said, as appellants contend, that Mrs. Hansen was an indispensable witness whom they were bound by law to produce, their argument that the situation so presented comes within an exception to the rule that one may not impeach his own witness except when surprised by adverse testimony, is without merit.

Appellants' final contention relates to certain instructions, 12 in number, which it is claimed misdirected the jury concerning the rights and duties of decedent immediately preceding the accident. It is argued that (1) there was no evidence to support the instructions that the decedent was crossing the highway, (2) that the instructions arbitrarily conferred the right of way on the defendant, and (3) that the evidence established as a matter of law that defendant was negligently driving his automobile at the time of the accident.

As to the first complaint it cannot be denied there is evidence that when the defendant first saw the decedent he was staggering at a point about 3 feet to the left of the center line of the highway; that he seemed to stagger across the center line into the path of the oncoming car and that when he was struck he was 3 feet east of the center line and in defendant's lane of travel. In the light of such evidence the jury could have found that decedent was crossing the highway, making the instructions on that issue applicable to such a finding.

Likewise without merit is the argument that defendant's instruction No. 13 arbitrarily conferred the right of way on defendant. If the portion of the instruction complained of by appellants, to wit: "There was no cross-walk on the highway at the point where H. L. Anthony met his death. It was therefore his duty to yield the right of way" constituted the entire instruction appellants' argument would be better founded. However, a reading of the entire instruction dispels any erroneous impression which such portion thereof could

have created, in that in qualification thereof the jury was directed that a pedestrian crossing a highway was required to exercise a higher degree of care than that required when crossing at a regular crosswalk; that failure to yield the right of way would not necessarily constitute negligence but would depend upon the surrounding circumstances; and that reasonable care in any instance relates to the conduct of an ordinary person.

■ Appellants next complain of defendant's instruction that "A violation of a statute or an ordinance which proximately contributes to the cause of an injury or death is presumptively an act of negligence." Reading the instruction attacked in light of the facts and circumstances disclosed by the record it would appear to come squarely within the rule enunciated in the recent case of *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581 [177 P.2d 279]. There the court reiterated the general rule that violation of a statute is presumptive evidence of negligence and that if the evidence establishes that such violation proximately caused the injury and no excuse or justification is shown by the evidence, responsibility may be fixed on the violator without other proof of failure to exercise ordinary care.

Appellants in apparent realization of the general rule attempt to escape its application here by arguing that the acts of decedent immediately prior to the accident were acts done in an emergency and therefore without the rule. It is true that the facts surrounding the emergency may be such as to excuse the violation. But it is difficult to understand how the miring down of a car approximately two hours before an accident is such an emergency as would excuse the conduct of a person in staggering across an open highway directly into the path of an oncoming car. It is not shown that crossing the highway, if such was the case, was itself an act necessitated by a sudden emergency. In any event such circumstances would but present a question of fact for the jury and its determination thereon within the well established rule would be binding upon the court. (*Crawford* v. *Southern Pacific Co., supra; Satterlee* v. *Orange Glenn School Dist., supra,* at p. 590.)

■ Appellants next attack an instruction on imminent peril which instruction, according to the notation of the trial court appearing thereon, was given "by reason of closing argument of plaintiff's counsel." It is appellants' contention

that as the evidence establishes as a matter of law that the defendant was negligent, the giving of the instruction was therefore prejudicial error. In the first place plaintiffs' assumption that defendant was negligent as a matter of law is contradictory to and not sustained by the evidence. And secondly, from our examination of the arguments of counsel we are entirely in accord with the conclusion of the trial court that by reason of counsels' argument the instruction became necessary.

 Finally appellants attack certain instructions by the court and by defendant upon the question of intoxication. There is no citation of authority that they were not applicable to the facts herein, and in view of the conclusive showing that all parties had been drinking during that evening it is our conclusion that under such circumstances the attacked instructions were entirely proper.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 29, 1948.